RAINBOW TERRACE, INC., Respondent,

v.

Barbara HUTCHENS, et al., Appellants.

No. C3–96–1349.

Court of Appeals of Minnesota.

Jan. 14, 1997.

James J. Schlichting, Peterson, Savelkoul, Schlichting & Davies, Ltd., Albert Lea, for Respondent.

Gary M. Hird, Southern Minnesota Regional Legal Services, Inc., Albert Lea, for Appellants.

Considered and decided by HARTEN, P.J., and CRIPPEN and KALITOWSKI, JJ.

## OPINION

HARTEN, Judge.

This is an appeal from an unlawful detainer judgment granting a writ of restitution that required appellants to surrender possession of a mobile home park lot. Respondent brought this action against appellants, residents of a mobile home located in respondent's park. The district court determined that Minnesota Statutes chapter 327C did not apply because appellants did not have a written lease agreement as required by Minn.Stat. § 327C.02, subd. 1; it ordered that a writ of restitution issue 60 days from the date of the order to allow appellants an opportunity to sell their mobile home.

1. Respondent accepted monthly rent payments

## FACTS

Respondent owns and operates Rainbow Terrace mobile home park in Albert Lea. In May 1995, appellants, Gordon and Barbara Hutchens, moved into a mobile home owned by Lillian Hutchens, Gordon Hutchens' mother, and located on a rented lot in respondent's mobile home park. At the time appellants moved into her home, Lillian Hutchens was hospitalized; in August 1995, she died without leaving the hospital. Thereafter, appellants did not enter into a written rental agreement with respondent.

Appellants received several notices from respondent during their park residency. In February 1996, they received notice to visit the park office to determine who was residing in the home and a notice to vacate for nonpayment of rent because of an insufficient funds check. Appellants thereafter paid the past-due rent.[1] On March 31, 1996, respondent issued a second notice to vacate, indicating that appellants had 30 days to vacate the mobile home lot. The notice did not state a reason for terminating appellants' tenancy.

On or before May 1, 1996, appellants delivered a residency application to respondent's manager. On May 3, 1996, appellants paid their May lot rent; the same day, respondent filed the unlawful detainer summons and complaint (the documents were served upon appellants on May 6).

## ISSUES

1. Does Minnesota Statutes chapter 327C apply to residents of a mobile home park despite the lack of a written rental agreement?

2. Did respondent waive the second notice to vacate by accepting rent after the expiration of the notice?

3. Was respondent's second notice to vacate defective because it failed to provide a basis for terminating appellants' tenancy?

4. Did respondent violate Minn.Stat. § 327C.07, subd. 2, by failing to act

from appellants until May 1996.

within 14 days on appellants' application for residency?

## ANALYSIS

■ The district court found Minn.Stat. §§ 327C.01–.15 (1996) inapplicable because appellants had no written rental agreement as required by Minn.Stat. § 327C.02, subd. 1. Whether chapter 327C applies is a question of law that we review de novo. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985) (appellate court need not defer to district court's purely legal determination).

The district court's finding chapter 327C inapplicable for lack of a written rental agreement is inconsistent with this court's decision in *Lea v. Pieper,* 345 N.W.2d 267 (Minn.App.1984), *review denied* (Minn. June 12, 1984). In *Lea,* the district court issued a writ of restitution based on its finding that the Leas did not comply with park rules by failing to sign a written rental agreement. In reversing the district court's decision, we utilized chapter 327C, and, by doing so, implicitly applied chapter 327C to the rental of a mobile home lot regardless of whether the tenant has a written agreement with the park. Accordingly, we conclude that the district court in the instant case erred by holding chapter 327C inapplicable.

■ 2. Appellants argue that the district court erred because respondent waived the 30-day March 31 notice to vacate by accepting May rent after that notice expired. Minn.Stat. § 327C.11, subd. 2 governs eviction proceedings; it provides:

> Acceptance of rent for a period after the expiration of a final notice to quit waives that notice unless the parties agree in writing after service of the notice that the notice continues in effect.

The district court found that the March 31 notice, which stated that appellants had 30 days to deliver possession of the lot, expired on April 30. It also found that on May 3, 1996, appellants paid rent for May. The district court concluded that

> [a]cceptance of rent should constitute a waiver of any defaults related to nonpayment of rent. However, this logic should

not extend to a waiver of the agreement under Minn.Stat. § 327C.02, subd. 1.

We conclude that the district court erred in limiting application of Minn.Stat. § 327C.11, subd. 2 to defaults relating to the nonpayment of rent. The statute does not so provide. By accepting payment of rent on May 3, 1996, after the notice to vacate expired, respondent waived the notice. Therefore, the district court erred by issuing the writ of restitution based on the expired notice.

■ 3. Appellants further contend that even if the notice to vacate had not expired, the district court erred in issuing the writ of restitution because respondent's notice was defective—it did not indicate the reason for terminating appellants' tenancy. Respondent claims that its basis for the unlawful detainer proceeding was appellants' failure to have a written rental agreement in accordance with Minn.Stat. § 327C.02, subd. 1. But this basis for termination triggers Minn. Stat. § 327C.09, subd. 3 (relating to termination for violations of law), which requires respondent to give written notice of noncompliance and afford the tenant a reasonable time to remedy the violation before terminating the tenancy. The March 31, 1996, notice to vacate merely informed appellants that they had 30 days to vacate the premises; it did not state the reason for termination. Since appellants were not advised of the reason for termination, they did not have an opportunity to remedy the violation within a reasonable time. Thus, respondent's failure to satisfy the requirements of Minn.Stat. § 327C.09, subd. 3, supplies an additional reason why it was not entitled to restitution.

■ 4. Finally, appellants argue that the district court erred by failing to conclude that respondent violated Minn.Stat. § 327C.07, subd. 2, by not acting within 14 days on their residency application. Appellants submitted their residency application on or before May 1, 1996, and respondent had not notified them concerning the status of their application by the time of trial on May 16, 1996. A residency application pertinent to "in park sales" is governed by Minn. Stat. § 327C.07, subd. 2, which in part provides:

Any in park sale is subject to the park owner's approval of the buyer as a resident. A park owner may not deny a prospective buyer approval as a resident unless:

\* \* \* \* \* \*

(g) within 14 days of receiving a completed application form, the park owner makes a decision or gives the prospective buyer and the seller a written explanation of the specific reasons for the delay and makes a decision as soon as practicable \* \* \*.

The district court concluded that respondent indicated its rejection of appellants' application by commencing the instant unlawful detainer action. The statute does not specify a method for a park owner to decide on an application; it merely requires that the park owner respond within 14 days. We conclude that the district court did not abuse its discretion by inferring that the filing of the unlawful detainer action constituted a denial of appellants' residency application.

Appellants also argue that respondent's institution of this action violates Minn.Stat. § 327C.12, which prohibits a park owner from seeking to recover possession of a lot where a resident makes a good faith attempt to exercise legal rights. We· need not address this issue because in district court appellants did not allege retaliation or present evidence of retaliatory conduct. *See Thiele v. Stich,* 425 N.W.2d 580, 583 (Minn.1988) (appellate court must generally only consider issues presented and considered by district court).

## DECISION

The district court erred in finding chapter 327C inapplicable because appellants had no written rental agreement. Respondent waived the March notice to vacate by accepting rent after the expiration of that notice. In addition, the March notice to vacate was defective as a matter of law because it failed to provide a basis for terminating appellants' tenancy, and, to the extent that termination resulted from a violation of law, it afforded

appellants no opportunity to remedy the violation.

**Reversed.**[2]

---

2. Our reversal of the district court judgment is based upon respondent's failure to follow the statutory requirements in terminating appellants' tenancy. This decision, however, does not preclude respondent from asserting a future unlawful detainer action in accordance with law.