**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Respondent,

v.

**Craig LINDSAY, et al., Appellants.**

**No. C1–92–2295.**

Court of Appeals of Minnesota.

June 1, 1993.

Review Denied Aug. 6, 1993.

---

Louis J. Speltz, Peter A. Koller, Charles E. Jones, Moss & Barnett, Minneapolis, for respondent.

Robert L. Lowe, Lowe, Schmidthuber & Lindell, Minneapolis, for appellants.

Hubert H. Humphrey III, Atty. Gen., Alan I. Gilbert, Karyn M. (Kim) Greene, Asst. Attys. Gen., St. Paul, for amicus curiae State of Minn.

Scott K. Goldsmith, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for amicus curiae Ins. Federation of Minnesota.

Considered and decided by CRIPPEN, P.J., and SHORT and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellants Craig Lindsay and Edward Melzark, former agents of respondent American Family Mutual Insurance Company, challenged the denial of relief under Minn.Stat. § 60A.177 (1990) for termination of their agency contracts with American Family. We affirm as to Lindsay and reverse and remand as to Melzark.

## FACTS

Appellants Craig Lindsay and Edward Melzark each entered into an agency agreement with American Family. Each agency agreement contained the following termination provision:

> This agreement may be terminated by either party with or without cause by giving written notice to the other and shall be deemed terminated as of the date specified in such notice.

### Lindsay

Lindsay was terminated as an American Family agent effective January 1, 1991, four years and two months after he started as an agent. Claiming his discharge was not justified, Lindsay sought board of review hearing pursuant to Minn.Stat. § 60A.177 (1990)[1].

The hearing took place on May 15, 1991. In a 2–1 decision, the board of review determined that Lindsay's termination was not justified. The matter was then referred to the Commissioner of Commerce who awarded Lindsay $17,000 as the appropriate amount of compensation.

American Family then commenced the present declaratory judgment action, challenging the application of Minn.Stat. § 60A.177 to Lindsay, asserting, inter alia, that the provisions of section 60A.177 did not apply to Lindsay, whose contract with American Family had not been in place for five years. *See* Minn.Stat. § 60A.176, subd. 2 (1990) ("agency" defined as "agen-

---

1. Minn.Stat. § 60A.177 provides in relevant part:

> Subd. 3. **Board of review.** A three-member board of review shall be selected from a list of ten agents and ten insurer representatives compiled by the commissioner.
> \* \* \* \* \* \*
> Subd. 4. **Board's determination.** \* \* \* If in the opinion of the board of review an involuntary termination is not justified, \* \* \*

the commissioner shall order the insurer to pay an amount of compensation that the commissioner considers appropriate to the agent.
> \* \* \* \* \* \*
> Subd. 5. **Appeal.** An order of the commissioner or a determination of the board of review under subdivision 4 may be appealed to district court by either party for a trial de novo.

cy contractual relationship that has been in effect five years or more"). The trial court granted an American Family motion for summary judgment, holding section 60A.177 does not apply to Lindsay because of the five-year agency duration requirement.

**Melzark**

Melzark's agency agreement was terminated effective May 1991, almost seven years after he started as an agent. Melzark also sought a hearing pursuant to section 60A.177. The parties discussed settlement and a scheduled hearing was cancelled based on an apparent settlement. Melzark subsequently asserted that no settlement was actually reached because American Family added an additional, unacceptable condition. Prior to the rescheduling of Melzark's hearing, American Family commenced this declaratory judgment action.

The trial court denied American Family summary judgment as to Melzark, based on the purported settlement, because the court found there were issues of fact regarding whether there had been an agreement. The trial court held, however, that American Family was entitled to summary judgment because applying the statute to the termination of Melzark would be an impermissible retroactive application.

The trial court did not reach the constitutional issue raised by American Family, namely that application of section 60A.177 to existing agency contracts would be an impermissible impairment of contract.

Lindsay and Melzark have appealed and their actions consolidated. On appeal, the Minnesota Attorney General and the Insurance Federation of Minnesota appear as amici.

**ISSUES**

1. Did the trial court err in determining that section 60A.177 does not apply to the termination of Lindsay's agency agreement because the agency was not five years old?

2. Did the trial court err in determining that application of section 60A.177 here would constitute an impermissible retroactive application of the statute?

3. Would application of section 60A.177 constitute an impermissible impairment of contract?

**ANALYSIS**

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. Minn. R.Civ.P. 56.03. The parties do not dispute any of the relevant facts involved in the trial court's granting of summary judgment. The grant of summary judgment was based on the trial court's interpretation of Minn.Stat. §§ 60A.176 and 60A.177. Statutory interpretation is a question of law which this court reviews de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

*1. Application to Five–Year Agents*

■ The 1990 version of section 60A.176, subdivision 2, under which Lindsay brought his claim, defined "agency" as a "contractual relationship that has been in effect five years or more." But, the final version of the act did not use the defined term "agency" in section 60A.177. In 1991, the legislature dealt with this incongruity by collapsing the definition of "agency" into the definition of "agent," a word used in relevant places. The definition then read:

"Agent" means an agent who is not an employee of the insurer, who has an agency contractual relationship that *has been in effect for five or more years*, and who writes 80 percent or more of the agent's business through one insurer or its subsidiaries.

1991 Minn.Laws ch. 207, § 1, codified at Minn.Stat. § 60A.176, subd. 3 (Supp.1991) (emphasis added).

American Family contends it was necessary—even before the amendment—to limit application of the remedies of section 60A.177 to agents who had been with a company for five years or more, for only then would effect be given to all the words of the statute. We agree. To give effect

to all the provisions of section 60A.176, it is necessary to find a purpose for the "agency" definition.

A fundamental rule of statutory construction is that "the legislature intends the entire statute to be effective." Minn. Stat. § 645.17 (1992). *See generally St. Louis Co. v. Federal Land Bank of St. Paul*, 338 N.W.2d 741, 744 (Minn.1983). The only way to accomplish this is to transfer the substance of the "agency" definition to the definition of the related term "agent," just as the legislature did at its next session. We are also reassured in our decision by the easy understanding of why the legislature overlooked the subtle need to transfer a clause from the definition of a term abandoned during the legislative process.

We hold, therefore, that to include the five-year requirement accords with legislative intent. Our decision on that issue disposes of the Lindsay matter.

### 2. *Retroactivity*

■ Because Melzark satisfies the five-year requirement, we reach the retroactivity argument raised by American Family. "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1992). Retroactive applications of statutes are not favored and will be made only when such a legislative intent is clearly and manifestly demonstrated on the face of the statute. *American Family Ins. v. Metropolitan Transit Comm'n*, 424 N.W.2d 825, 827 (Minn.App.1988).

■ Section 60A.177 contains no facial indication that the legislature intended a retroactive application. But that does not end the inquiry, for application to Melzark may not even involve retroactivity. The act purports to be not substantive, but procedural, providing a means to vindicate existing rights. If it is procedural, its application here is not retroactive. A "procedural" reading of the statute also explains the absence of a legislative declaration of retroactive intent. It also is consistent with the application of the act in *Farmers Union Agency v. Butenhoff*, 808 F.Supp. 677 (D.Minn., 1992), a precedent we choose to follow.

Further, to hold that the act does not apply to any agent-insurer until five years after passage would mean the 1990 act would have no effect until August 1995. It is unlikely that, once having perceived "the occasion and necessity for the law," the legislature intended to leave its response in limbo for five years.

### 3. *Impairment of Contract*

The parties dispute whether the statute can be constitutionally applied to pre-existing agency contracts. We have no factual record on which to decide that question. There has been no hearing on Melzark's claim that he is entitled to damages arising out of the termination of his agency contract. On remand, the necessary factual record can be made regarding whether the statute can apply to Melzark's contract. *But see id.*

### DECISION

Lindsay is not protected by Minn.Stat. § 60A.177 because that section is only applicable to agent relationships of at least five-years' duration. Application of that section to Melzark is not barred as a retroactive application.

**Affirmed in part, reversed in part, and remanded.**