STATE of Minnesota, Appellant,

v.

Mark Robert WEBER, Respondent.

No. A07–1218.

Court of Appeals of Minnesota.

Nov. 20, 2007.

Lori Swanson, Attorney General, St. Paul, MN, and Mark A. Ostrem, Olmsted County Attorney, Eric M. Woodford, Assistant County Attorney, Rochester, MN, for appellant.

Jed J. Hammell, Rippe, Hammell & Murphy, P.L.L.P., Caledonia, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; TOUSSAINT, Chief Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellant State of Minnesota challenges the district court's pretrial order granting respondent's motion to amend jury instructions on possession of a firearm by a felon to include as elements of the crime that the defendant must be discharged from sentence and from court supervision.

## FACTS

In February 2005, respondent Mark Weber was sentenced for second-degree

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

criminal sexual conduct, a crime of violence. In August 2005, while he was on probation for his February 2005 conviction, probation agents discovered a shotgun during a search of his home. He was charged with possession of a firearm by an ineligible person in violation of Minn.Stat. § 624.713, subds. 1(b) and 2 (2004).

The matter was called for jury trial in June 2007. The relevant pattern jury instruction, CRIMJIG 32.17, contained two elements of that crime: the defendant "knowingly shipped, transported, possessed or received a firearm" and "had been convicted of a crime of violence." Respondent moved to amend the instruction to add two more elements of the crime: that the defendant had been discharged from sentence and from court supervision. The inclusion of respondent's two elements would compel a not-guilty verdict for respondent because he was on probation for the sexual conduct crime when the gun was found. The district court granted respondent's motion. The state appealed, and district court proceedings were stayed pending the result of the appeal.

## ISSUE

Does the prohibition on the possession of firearms imposed on those convicted of a crime of violence by Minn.Stat. § 624.713, subd. 1(b) (2004), begin at conviction and last for life except for those whose prohibition ended, under a prior law, before 1 August 2003?

## ANALYSIS

■ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998).

■ Minn.Stat. § 624.713, subd. 1 (2004), provides that "[t]he lifetime prohibition on possessing ... firearms for per-

sons convicted ... of a crime of violence ... applies only to offenders who are discharged from sentence or court supervision for a crime of violence on or after August 1, 1993." Respondent relies on this provision to argue that, since he was not discharged from court supervision for his February 2005 conviction when the shotgun was found in August 2005, the lifetime prohibition did not yet apply to him, and he was entitled to a jury instruction to that effect.

Respondent's reading of the statute would entitle those convicted of violent crimes to possess firearms as long as they remained incarcerated or on probation. Further, his reading presumes that the legislature intended the lifetime prohibition from possessing firearms to begin only after the discharge from sentence or court supervision. Particularly in light of the legislature's obvious desire to restrict firearms from those convicted of violent crimes, that intention would be absurd, and we must presume that "[t]he legislature does not intend a result that is absurd...." Minn.Stat. § 645.17(1) (2006).

Respondent argues that the result would not be absurd because those convicted of violent crimes would already be prohibited from possessing firearms under Minn.Stat. § 624.713, subd. 1(j)(1) (2004), providing that those who have "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" are ineligible to possess firearms. But this argument ignores the effect of three other statutory provisions: (1) Minn.Stat. § 624.713, subd. 2(b) (2004), providing that those convicted of a crime of violence who possess firearms are guilty of a felony and subject to 15 years' imprisonment and/or a fine of $30,000; (2) Minn.Stat. § 624.713, subd. 2(c) (2004), providing that those convicted of a crime (other than a crime of violence) punishable by a term exceeding

one year who possess firearms are guilty only of a gross misdemeanor; and (3) Minn.Stat. § 624.713, subd. 3(a) (2004), requiring a court convicting a defendant of a crime of violence to inform the defendant upon conviction that the defendant is prohibited for life from possessing firearms and that possession is a felony offense. These provisions demonstrate that the legislature did not intend to treat those convicted of violent crimes and those convicted of other felonies equally in regard to the possession of firearms, nor did it intend to treat more leniently those convicted of violent crimes by starting their prohibition only after their discharge from sentence or court supervision.[1]

The intent of the legislature also may be ascertained by considering the former law. Minn.Stat. § 645.16(5) (2006). Those convicted of violent crimes were formerly prohibited from possessing firearms "unless ten years have elapsed since the person has been restored to civil rights or the sentence or disposition has expired, whichever occurs first, and during that time the person has not been convicted of or adjudicated for any other crime of violence." Minn.Stat. § 624.713, subd. 1(b) (2002). The quoted language was deleted on 1 August 2003, the effective date of Minn. Stat. § 624.713, subd. 1(b) (Supp.2003), which banned for life the possession of firearms by those convicted of crimes of violence. *See* Laws 2003, ch. 28, art. 3 §§ 8–10. Thus, the expiration of the prohibition period changed from ten years after the defendant's discharge to no expiration during defendant's lifetime. The beginning of the prohibition period did not change. *See* Minn.Stat. § 624.713, subd.

3(a) (2002) (requiring court to notify defendant of prohibition on possessing firearms at time of conviction of crime of violence); Minn.Stat. § 624.713, subd. 3(a) (Supp. 2003) (same).

The statutory language on which appellant relies, i.e., "[t]he lifetime prohibition ... applies only to offenders who are discharged from sentence or court supervision for a crime of violence on or after August 1, 1993," was added to accommodate those discharged prior to 1 August 1993. If, before 1 August 2003, the effective date of the lifetime prohibition, ten years had elapsed since their discharge and they were again permitted to possess firearms, that reinstatement was not revoked by the 2003 statute.

This provision was plainly intended to limit the retroactive effect of the 2003 amendment by not imposing the new lifetime prohibition on those whose ten-year prohibition had expired. *See American Family Mut. Ins. Co. v. Lindsay*, 500 N.W.2d 807, 810 (Minn.App.1993) (noting that retroactive application of statutes is not favored), *review denied* (Minn. 6 Aug. 1993). But this retroactivity provision does not reflect any legislative intent to also make discharge from the sentence the triggering event for the new lifetime prohibition. As discussed above, such a result would be absurd, and respondent has not shown any reasonable construction of the statute that supports it.

## DECISION

Because we conclude that the prohibition on the possession of firearms imposed

---

**1.** The legislature did intend to be more lenient with some groups in regard to the possession of firearms: *see, e.g.,* Minn.Stat. § 624.713, subd. 1(h) (2004) (those convicted in another state of an offense comparable to assault in Minnesota may not possess firearms "unless three years have elapsed since the date of the conviction"); Minn.Stat. § 624.713, subd. 1(k) (2004) (those convicted of certain gross misdemeanors may not possess firearms "unless three years have elapsed since the date of conviction").

on those convicted of a crime of violence by Minn.Stat. § 624.713, subd. 1(b) (2004), begins at conviction and lasts for life except for those whose firearm prohibition ended prior to 1 August 2003, we reverse the district court's grant of respondent's motion to amend the jury instruction for possession of firearms by an ineligible person and remand for further proceedings.

**Reversed and remanded.**