**HIBBING EDUCATION ASSOCIATION,**
Relator,

v.

**PUBLIC EMPLOYMENT RELATIONS
BOARD, Respondent.**

No. C5–83–1580.

Court of Appeals of Minnesota.

April 4, 1984.

See also, 342 N.W.2d 355.

Donald W. Selzer, Jr., St. Paul, for relator.

Hubert H. Humphrey III, Atty. Gen., Catherine F. Houkedahl and Erica Jacobson, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal by the Hibbing Education Association (Association) from the orders of respondent Public Employment Relations Board (PERB), affirming a unit determination made by the director of the Bureau of Mediation Services (BMS). The director found that the Title I paraprofessionals who were performing duties in the Hibbing School District, Independent School District No. 701, were not "teachers" within the meaning of Minn.Stat. § 179.63, subd. 13 (1982), and therefore should be assigned to a separate bargaining unit. We reverse and remand.

## ISSUE

Did PERB proceed on an erroneous theory of law when it assigned the Title I

paraprofessionals to a separate bargaining unit without considering the paraprofessionals' actual job functions?

## FACTS

The Hibbing School District hired eight people to work as Title I paraprofessionals for the 1982–83 school year. The Title I program is a federally funded program designed to supplement the regular classroom instruction of elementary school students who are performing below their class level in reading and mathematics. Although the school district does not require a teacher's license for employment as a paraprofessional, the four who testified at the BMS hearing do hold teachers' licenses.

The Hibbing Federation of Teachers filed a petition requesting that the director of BMS certify a separate bargaining unit of Title I paraprofessionals. BMS conducted a hearing on the petition. The Association appeared as a party in the proceeding and opposed the certification of a separate unit, contending that the paraprofessionals perform teaching functions and should be included within the teachers' bargaining unit which the Association represents.

Testimony by the Title I paraprofessionals and by classroom teachers established that the paraprofessionals routinely make the following types of decisions during the school day:

1) They decide what teaching techniques and strategies will be used for each child;

2) They select, develop and modify teaching materials;

3) They plan learning activities;

4) They are responsible for and alter the physical environment of the classroom; and

5) They perform the above activities based on their judgments concerning the student's needs and their evaluation of the student's progress.

The District's Title I coordinator, LaVerne Walters, admitted under cross-examination that these activities constitute the very essence of teaching.

In addition to these regular functions, the paraprofessionals also perform intermittent duties which are characteristically teachers' duties. They consult with the parents of Title I children, participate in "staffing" meetings concerning children with learning disabilities, and periodically supervise regular classrooms during the absence of the classroom teacher.

At the conclusion of the hearing, the director of BMS issued a unit determination establishing a separate bargaining unit for the paraprofessionals. He explicitly determined that because the paraprofessional position did not require a teacher's license, they were not "teachers" under Minn.Stat. § 179.63, subd. 13 (1982), and should not be included within the teachers' bargaining unit. In arriving at this determination, he did not consider the actual job functions of the paraprofessionals.

The Association appealed the unit determination to PERB, pursuant to Minn.Stat. § 179.72, subd. 3(b) (1982). PERB affirmed the determination of BMS. The decision of PERB is now before this court by writ of certiorari on the petition of the Association.

## ANALYSIS

■ This court may disturb the PERB decision only if the agency "exceeded its jurisdiction, proceeded on an erroneous theory of law, or has acted arbitrarily, oppressively and unreasonably, exercising its will and not its judgment." *Haaland v. Pomush*, 263 Minn. 506, 510, 117 N.W.2d 194, 197 (1962).

Minn.Stat. § 179.63, subd. 17 (1982), defines the appropriate bargaining unit for school districts as "all the teachers in the district." The term "teacher" is defined by Minn.Stat. § 179.63, subd. 13, as follows:

"Teacher" means any person other than a superintendent or assistant superintendent, *employed by a school district in a position for which the person must be licensed by the board of teaching or the state board of education* or in a

position as a physical therapist or an occupational therapist * * *.

(Emphasis added).

Both parties agree that the central issue is whether the paraprofessionals are "in a position for which the person must be licensed by the board of teaching." PERB urges a narrow construction of this language which would confine the determination to whether the school district *requires* a license for this position and would not take into account the paraprofessional's actual job duties. The Association contends that whether licensure is required for a position does not depend on whether the school district includes this in the job description, but rather it depends on the actual activities of the person—whether the person is, in fact, teaching.

The Association's interpretation of the statute is supported by other statutory provisions which define teachers as individuals "holding a valid license" or "required to hold a license from the state department" rather than being employed in a *position* for which the person must be licensed. (Minn.Stat. §§ 125.04, 125.12, subd. 1).

■ PERB contends that a determination based on actual job functions is not the type of determination which is within the jurisdiction of BMS or PERB under Minn. Stat. § 179.71 (1980), or Minn.Stat. § 179.-71 (1982). We disagree.

The Public Employment Labor Relations Act (PELRA) specifies a procedure by which the director of BMS and, if appealed, PERB, can independently determine the bargaining unit. Minn.Stat. § 179.71, subd. 3, and § 179.72, subd. 3 (1982). Furthermore, in analyzing a unit determination, PERB typically takes evidence concerning the similarities or dissimilarities in the job functions of the various employee positions proposed for inclusion in a bargaining unit. For example, in AFSCME Council 3, Local 34, PERB No. 74–PR–216–A (Nov. 20, 1974), PERB affirmed the unit designation of the director of BMS, partly because the employees had a "commonality of occupational traits" and shared "a pervasive community of interest with

respect to basic actions that affect their employment."

In this case, PERB procedures denied the Hibbing paraprofessionals entrance to a unit of people who are in many ways doing the exact work of the paraprofessionals. This determination procedure allows the school district to unilaterally manipulate the composition of the bargaining unit to its benefit by setting the qualifications for the job. The school district gets the benefit of the paraprofessionals performing teaching functions, yet denies them the advantage of being a part of the teachers' bargaining unit.

It is clear from the record that the continuity and integrity of the Title I program is very important to the students and the school district. The record also shows that the school district has recently changed the description of the duties of the Title I paraprofessionals to replace teaching functions with supplemental supervised instruction. It is for PERB to determine whether these changes have actually been implemented.

## DECISION

■ We hold that PERB proceeded on an erroneous theory of law in declining to consider whether the paraprofessionals' actual job duties included teaching. The refusal to consider evidence of job duties is contradicted by the policies and procedures underlying PELRA outlined in Minn.Stat. § 179.71, subd. 3 and § 179.72, subd. 3.

We reverse and remand to PERB for redetermination of the paraprofessional bargaining unit with instructions to interpret Minn.Stat. § 179.63, subd. 17, consistent with the actual job functions of the Title I paraprofessionals of the Hibbing School District.