**HIBBING EDUCATION ASSOCIATION, Respondent,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, petitioner, Relator.**

No. C5–83–1580.

Supreme Court of Minnesota.

June 21, 1985.

Hubert H. Humphrey III, Atty. Gen., Erica Jacobson, Asst. Atty. Gen., St. Paul, for relator.

Donald W. Selzer, Jr., St. Paul, for respondent.

KELLEY, Justice.

The Public Employment Relations Board (PERB) appeals from a decision of the Court of Appeals reversing the PERB's affirmation of a bargaining unit determination by the director of the Bureau of Mediation Services (BMS) establishing a separate bargaining unit for paraprofessionals in Independent School District No. 701 (the Hibbing school district).[1] We reverse and remand.

For the 1982–1983 school year the Hibbing school district hired eight people to work as Title I paraprofessionals. The Title I program is a federally funded program designed to supplement regular classroom instruction of certain elementary school students performing at a level of one-half year to one year behind their classmates in reading and mathematics.

The Hibbing Federation of Teachers (HFT) filed a petition with the Bureau of Mediation Services (BMS) for the designation of an appropriate bargaining unit for those paraprofessionals, and requested that a separate bargaining unit be established for the Title I paraprofessionals employed by the school district. The Hibbing Education Association (HEA) appeared to oppose the proposed separate certification, and contended that the paraprofessionals should be included within the teacher bargaining unit represented by it. Following several hearings the director of the BMS

1. *Hibbing Education Association v. Public Employment Relations Board,* 346 N.W.2d 389     (Minn.App.1984).

issued a unit determination establishing a separate bargaining unit for the paraprofessionals. HEA appealed the unit determination to PERB pursuant to Minn.Stat. § 179A.05, subd. 4(b) (1984).[2] PERB affirmed the BMS determination.

In reversing the PERB, the Court of Appeals held that PERB committed error by failing to consider the job functions of the paraprofessionals in arriving at its decision. Thus, the issue raised here is whether the BMS and PERB are required by the Public Employment Labor Relations Act, Minn.Stat. § 179A.01 *et seq.* (1984) to consider the job functions of employees in making bargaining unit determinations for teacher bargaining units.

■ We commence our analysis by noting that the construction of a statute such as the Public Employment Labor Relations Act is clearly a question of law. In such a case, the decision of the administrative agency (here the PERB) is fully reviewable by this court. *See, No Power Line, Inc. v. Minnesota Environmental Quality Council, Inc.,* 262 N.W.2d 312, 320 (Minn.1977); *Blue Earth County Welfare Dept. v. Cabellero,* 302 Minn. 329, 341, 225 N.W.2d 373, 380 (1974).

Minn.Stat. 179A.03, subd. 2 (1984) (the Public Employment Labor Relations Statute) defines the appropriate bargaining unit for school districts as "all the teachers in the district." Subdivision 18 of this same statute defines "teacher" as:

> Subd. 18. **Teacher.** "Teacher" means any public employee other than a superintendent or assistant superintendent, principal, assistant principal, or a supervisory or confidential employee, employed by a school district: (1) *in a position for which the person must be licensed by the board of teaching or the state board of education;* or (2) in a position as a physical therapist or an occupational therapist.

Minn.Stat. § 179A.03, subd. 18 (1984) (Emphasis added).

The two subdivisions of the statute clearly mandate that if the paraprofessionals are "in a position for which the person must be licensed by the board of teaching or the state board of education," they belong in the bargaining unit represented by the HEA. Correlatively, if licensure is not required, paraprofessionals belong not in the teachers' unit, but in a separate bargaining unit.

■ Notwithstanding presentation of considerable evidence that these paraprofessionals in the district made many decisions with respect to educational techniques to be used, developed plans and teaching materials, and performed other functions traditionally performed by teachers, the fact remains that they did not occupy positions for which licensure was mandated by the board of teaching or the state board of education. Uncontradicted evidence from the manager of the Title I program for the state department of education was that persons working in school districts under the Title I program did not need to be certified licensed teachers. Under the program the local school boards were vested with sole authority to determine the required qualifications of paraprofessionals, i.e. whether they needed licensure. Some school districts have no licensed personnel working in Title I programs. The Hibbing school district had no requirement for licensure, although some of the paraprofessionals were, in fact, licensed. Indeed, the HEA concedes that the state department of education and the board of teaching have no licensure category entitled "Title I Paraprofessional." Based upon this undisputed evidence, the PERB correctly concluded that the eight paraprofessionals were not employed in a position for which they must be licensed by the board of teaching or the board of education. Moreover, it was clear that the

**2.** Act of April 24, 1984, ch. 462, § 27, 1984 Minn.Laws 235, 265 recodifies the Public Employment Labor Relations Act (PERA) at Minn. Stat. §§ 179A.01 to 179A.25 (1984). We refer only to the 1984 version since it merely recodifies Minn.Stat. 1982, §§ 179.61 to 179.76, as amended. *See* Act of April 24, 1984, ch. 462, § 1, 1984 Minn.Laws 235.

Hibbing school district had no requirement for licensure.

The HEA argues that the failure of the BMS and PERB to consider job duties "invites abuse" because failure to do so cedes to the employing school district sole discretion in defining the bargaining unit. The Court of Appeals agreed. *Hibbing Education Association v. Commissioner,* 346 N.W.2d at 391. Even if this contention of "abuse" has merit, it is not the function of courts to correct the alleged "abuse" by ordering PERB to consider job function in its determination of the appropriate bargaining unit. Such complaints should be directed to the board of teaching or the board of education. These state agencies possess both the jurisdiction and the expertise to decide which positions should be held only by licensed teachers. *See* Minn. Stat. §§ 124.15, subd. 2(1), 125.12, subd. 2, and 125.04 (1984).

Finally, HEA contends that cases construing the Minnesota Teachers Tenure Act (Minn.Stat. § 125.12) are instructive in that the cases decided under that statute analyzed the term "teacher" by focusing on job function. Use of the Tenure Act cases in resolving the instant case is inappropriate. The Minnesota Teacher Tenure Act explicitly defines the term "teacher" to include "every person regularly employed * * * to give instruction in the classroom * * *" Minn.Stat. 125.17, subd. 1(a) (1984). Accordingly, in order to decide whether a person is a "teacher" under the tenure statute, a court must consider the job duties of the person. *See Minneapolis Federation of Teachers v. Minneapolis Special School District No. 1,* 270 N.W.2d 773, 777 (Minn.1978). The Public Employment Labor Relations Act, on the other hand, contains its own and different definition of "teacher". Minn.Stat. 179A.03, subd. 18 (1984). Thus, the Teacher Tenure Act cases are irrelevant to this issue involving a statute that defines the term "teacher" more restrictively.

Accordingly, we reverse the Court of Appeals and remand for reinstatement of the order and decision of the PERB.

YETKA, Justice (dissenting).

I would affirm the court of appeals. Its decision was logical and well reasoned. Federal Title I funds were not intended for the hiring of paraprofessionals to *teach.* To hire licensed teachers as paraprofessionals may give school districts more for their money in the event they are paid less than regular teachers, but it is an abuse of the system. If one is a licensed teacher and is actually teaching courses that the school district would normally assign to licensed teachers, that teacher ought to be a part of the teachers' bargaining unit.