**EDEN PARK APARTMENTS,**
**Respondent,**

v.

**Nichole WESTON, Appellant.**

**No. C8–94–2086.**

Court of Appeals of Minnesota.

April 18, 1995.

Lyndon P. Nelson, Nelson & Associates, West St. Paul, for respondent.

James A. Lee, Jr., Legal Aid Soc. of Minneapolis, Inc., Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., HUSPENI and MINENKO,* JJ.

## OPINION

HUSPENI, Judge

Appellant, a Section 8 Existing Housing Certificate Program tenant, contests her eviction on the grounds that her unlawful detainer action should have been dismissed because she did not receive the notice prescribed in 42 U.S.C.A. § 1437f(d)(1)(B)(iv) and that the trial court's findings of her failure to adhere to her obligations under the lease are clearly erroneous. Because we hold that respondent's compliance with Minnesota's unlawful detainer statute satisfies the federal statutory requirement and that the trial court's findings were not clearly erroneous, we affirm.

## FACTS

With the support of funds from the Metropolitan Housing and Redevelopment Authority under the Section 8 Existing Housing Certificate Program, appellant and her four children moved into a newly-renovated apartment owned and leased by respondent. Appellant had been in residence for 17 days when the manager of the apartment complex conducted an announced quarterly inspection of all 120 units and found appellant's unit to be one of five in an unacceptable condition.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

The walls already needed repainting; the carpet was soiled and stained; the blinds were broken; and trash bags piled near the kitchen were emitting an odor.

Appellant was notified that the condition of her apartment was unsatisfactory by a form letter reading in relevant part:

> **Your Apartment has failed inspection.** You have ten days to resolve the problems and return [your] apartment to the condition you received it in when you took occupancy. * * * Being evicted is a serious matter. * * * [S]ome of the actions that could cause you to be evicted [are] * * *. If you * * * do not take proper care of your apartment, * * * cause damage to your apartment * * * maintain your apartment in an unsanitary way. * * * Now please refer to your lease sec. C # 12. Resident promises: * * * TO KEEP THE APARTMENT CLEAN AND ODOR FREE. A BREACH OF THIS PROMISE * * * IS GROUNDS FOR EVICTION.

(Emphasis in original.) Because the condition of the apartment had not improved by the second inspection ten days later, respondent began an unlawful detainer action. Appellant moved to have the action dismissed on the grounds that she had not received the notice specified by 42 U.S.C.A. § 1437f(d)(1)(B)(iv). The referee found that the lease had been breached, ordered restitution of the apartment, and, after hearing separate oral arguments on the motion to dismiss, denied it. The trial court affirmed the referee's decisions.

## ISSUES

1. Do the notice provisions of 42 U.S.C.A. § 1437f(d)(1)(B)(iv) mandate dismissal of this action?

2. Did the trial court err in affirming the referee's findings and order of restitution?

## ANALYSIS

### 1. The Motion to Dismiss

■ The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369

N.W.2d 527, 529 (Minn.1985). The referee concluded as a matter of law that compliance with the specifications for a summons and complaint set forth in the Minnesota unlawful detainer statute satisfies the notice requirement of the federal statute.

It is undisputed that the summons and complaint which appellant received complied with Minn.Stat. § 566.05 (1992):

> The person complaining [in an unlawful detainer action] shall file a complaint with the court, describing the premises of which possession is claimed, stating the facts which authorize the recovery, and praying for restitution thereof. The court shall issue a summons, commanding the person against whom the complaint is made to appear before the court on a day and at a place stated in the summons. The appearance shall be not less than seven nor more than 14 days from the day of issuing the summons. A copy of the complaint shall be attached to the summons, which shall state that the copy is attached and that the original has been filed.

The complaint stated the facts on which respondent based the unlawful detainer action; the summons gave appellant at least seven days to prepare for the hearing or make other arrangements. She alleges that this was not sufficient notice to satisfy 42 U.S.C.A. § 1437f(d)(1)(B)(iv) (1992) which requires that

> [c]ontracts to make assistance payments entered into by a public housing agency with an owner of existing housing units shall provide (with respect to any unit) that—
>
> (B)(iv) any termination of tenancy shall be preceded by the owner's provision of written notice to the tenant specifying the grounds for such action.

Appellant, in arguing that statutory requirements were not met here, eliminates the words "contracts * * * shall provide that," and quotes only "any termination of tenancy shall be preceded by the owner's provision of written notice to the tenant specifying the grounds for such action." By quoting out of context, appellant makes the statute appear to be a statement of policy, not a description

of a contract provision. Appellant also paraphrases the statute to read "[b]efore initiating an unlawful detainer proceeding, a notice of termination must be given to a Section 8 tenant." By substituting "an unlawful detainer proceeding" for "termination of tenancy" appellant alters the meaning of the statute. A termination of tenancy is not synonymous with an action to terminate tenancy.[1]

Minnesota courts have not yet considered the interplay between state law and the Section 8 program, but the issue is explored in *Gallman v. Pierce*, 639 F.Supp. 472, 478 (N.D.Cal.1986) ("the termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law"). While conflicts may arise in states whose laws do not provide protection commensurate with the federal requirements, we can discern no conflict in the Minnesota law.

Minnesota unlawful detainer complaints must be served seven days prior to the hearing and must state the facts constituting grounds for an eviction. Minn.Stat. § 566.05. Defendants therefore have the opportunity to contest those actions in court before restitution can be ordered.[2] Consequently, in Minnesota a "termination of tenancy [is] preceded by the owner's provision of written notice to the tenant specifying the grounds for such action." 42 U.S.C.A. § 1437f(d)(1)(B)(iv).

Because there is no federal law mandating that the summons and complaint in an unlawful detainer action must be preceded by other written notice of the grounds for eviction, and because Minnesota's unlawful detainer law provides adequate protection for tenants, we hold that a properly served summons and complaint in an unlawful detainer action that complies with Minn.Stat. § 566.05 satisfies the notice requirements of 42 U.S.C.A. § 1437f(d)(1)(B)(iv) and affirm the denial of

appellant's motion to dismiss the unlawful detainer action.

### 2. Findings of Fact

The trial court affirmed the referee's decision in its entirety. "The findings of a referee, to the extent adopted by the court, shall be considered as the findings of the court." Minn.R.Civ.P. 52.01.

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the [factfinder] to judge the credibility of the witnesses.

*Id.*

Appellant argues that the findings here must be set aside as clearly erroneous and unsupported by the record. We disagree. The findings indicate that both before and after the first inspection appellant failed to maintain her apartment in a sanitary condition: odoriferous garbage was piled near the door, the blinds were ruined, and the walls and carpet soiled. These findings were amply supported by the apartment manager's testimony. Appellant, in effect, complains that the testimony of her witnesses rather than that of the management should have been accepted by the referee. We note initially that the testimony of appellant's witnesses tended to justify the condition of the apartment rather than to refute the manager's testimony. In addition, determinations regarding the credibility of witnesses are peculiarly within the province of the factfinder. *See Thuma v. Kroschel*, 506 N.W.2d 14, 18 (Minn.App.1993), *pet. for rev. denied* (Minn. Dec. 14, 1993).

### DECISION

Because the notice appellant received pursuant to the Minnesota unlawful detainer

---

1. We find no ambiguity in the statute, and absent ambiguity, courts may not construe statutory language. *Minneapolis St. Paul Sanitary Dist. v. City of St. Paul*, 240 Minn. 434, 437, 61 N.W.2d 533, 535 (1954). Nevertheless, we note that the legislative history of the statute reflects two competing policies: enabling tenants to make informed choices about opposing eviction and enabling landlords to administer the Section 8 program without burdensome restrictions.

2. Even assuming that the summons and complaint did not satisfy the requirements, the written notice appellant received from respondent told her the apartment had failed inspection and that failure to keep it clean and odor-free could result in eviction. She therefore had written notice well before the termination of her tenancy.

statutes satisfied the requirements of 42 U.S.C.A. § 1437f(d)(1)(B)(iv), we affirm the denial of the motion to dismiss; we affirm the findings of fact because they are not clearly erroneous.

**Affirmed.**