CITY OF LITCHFIELD, Petitioner, Appellant,

v.

Dale R. SCHWANKE, Respondent,

Steven J. Mattson, et al., Lower Court Respondents.

No. C6–94–2099.

Court of Appeals of Minnesota.

April 25, 1995.

Steven E. Drange, Litchfield City Atty., David G. Berry, Asst. Litchfield City Atty., Olson, Nelson, Drange & Wood, Litchfield, for appellant.

Bradley A. Kluver, Schaps & Kluver, Litchfield, for respondent.

Considered and decided by NORTON, P.J., PARKER and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Judge.

The City of Litchfield sought expenses incurred in carrying out an order against respondents under the Minnesota Hazardous and Substandard Buildings Act, Minn.Stat. §§ 463.15–.261 (1992). The trial court denied the city's request, and the city appeals. We reverse and remand.

## FACTS

Steven and Mary Mattson purchased the property at issue in 1988, and sold it on a contract for deed to respondent Dale Schwanke in 1990. Schwanke planned to bring the building up to code, and then reside in it, or rent or sell it.

In 1991, the city inspected the building and advised Schwanke to upgrade or remove it. Due to the illness of a building official, no further action was taken.

The city received complaints from neighbors regarding the structure. An intern building official inspected the building and prepared a hazardous and substandard inspection report. He concluded the structure was a fire hazard because it was loaded with combustible material. He found it a public safety hazard because there were no doors or windows in the addition, the house was open to trespass, there was an open stairwell with a seven-foot drop, and junk was scattered throughout the lot and house. Finally, he concluded it was a public health hazard due to signs of animals or rodents in the house. He recommended condemnation rather than repair because there were numerous health and safety violations, the structure was near-

ly beyond repair, and the wiring and plumbing were inadequate.

On August 16, 1993, the Litchfield City Council considered the report. Schwanke, although he was not notified of the hearing, became aware his property would be addressed and attended the meeting. The city council passed a resolution ordering the removal of the structure. On September 3, the city sent Schwanke a letter advising him of the resolution and notifying him that if the building was not removed, an order requiring him to do so would be served on him.

A municipal order to raze was served upon Schwanke and the Mattsons. The order stated that the city had found that the building was dilapidated, unsanitary, and in a state of partial demolition, that it constituted a hazard to the public safety or health, and that the record owner had been given the opportunity to voluntarily demolish the building and make it safe, but failed to act and abate the hazardous condition. Therefore, it determined that the record owner, within 20 days, must demolish the building, remove rubble from the building, and fill and level the premises. It advised that unless the owner complied or answered, the city would move for summary enforcement of the order and the costs of the enforcement of the order.

In his answer, Schwanke denied that the building constituted a hazard to public safety or health. He asserted that he had not been notified of the specific repairs the city deemed necessary, and had not been given a reasonable time within which to comply.

A hearing was held before the court on the city's motion to sustain the municipal order to raze. In findings and an order issued on December 6, 1993, the trial court sustained as modified the municipal order. It found that Schwanke had taken substantial steps towards bringing his building into code compliance since the order to raze was served. The court modified the municipal order to provide that, by June 1, 1994, Schwanke

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

should bring up to code all deficiencies noted in the inspection report, many of which had already been corrected. It ordered Schwanke to take immediate steps to ensure that the building was not open to trespass and, within 30 days of the order, to remove all debris from the interior of the building and the lot not necessary for construction. The court ordered the city to inspect the building as reasonably requested by Schwanke, and provide him with detailed written descriptions of any deficiency. Finally, the court provided that after June 1, 1994, the city could move the court to fix a date for destruction of the building if Schwanke had not complied with the above-stated conditions.

The city ultimately sent a letter to the court on June 17, 1994, stating that the building was no longer deemed to be hazardous or substandard, and that it was not seeking further court intervention or demolition. However, the city sought an award of litigation-related fees and expenses. The court issued an order in response, finding that the city was not entitled to costs because the city's order to raze was not, as a practical matter, sustained.

The city then moved for entry of judgment, to tax costs, and to vacate the court's earlier order of July 8. After a hearing, the court denied the motion for taxation of costs. On September 23, 1994, the court ordered the municipal order to raze annulled and set aside, and ordered judgment be entered. Judgment was entered accordingly. The city appeals, and we reverse and remand.

## ISSUE

■ If a court significantly modifies a municipal order to raze under the Minnesota Hazardous and Substandard Buildings Act, Minn.Stat. §§ 463.15–.261 (1992), may the municipality still recover costs and expenses under Minn.Stat. § 463.22?

## ANALYSIS

The issue in this case requires statutory construction, which is an issue of law. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). A reviewing court need not defer to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

Under the Hazardous and Substandard Buildings Act, the governing body of a city may order the owner of a hazardous building to correct or remove the hazardous condition or to raze and remove the building. Minn. Stat. § 463.16 (1992). The order must be in writing and recite the grounds therefor, specifying necessary repairs, if any, and providing a reasonable time for compliance, and state that, unless an answer is filed or corrective action taken, a motion for summary enforcement will be made. Minn.Stat. § 463.17, subd. 1. If an answer is filed specifically denying facts in the order, further proceedings will be held in the district court. Minn.Stat. §§ 463.18, .20.

If the district court sustains the order following trial, "the court shall enter judgment and shall fix a time after which the building must be destroyed or repaired or the hazardous condition removed or corrected, as the case may be, in compliance with the order as originally filed or modified by the court." Minn.Stat. § 463.20. "If the order is not sustained, it shall be annulled and set aside." *Id.* The municipality may apply to the court for allowance of expenses incurred, including attorney fees. Minn.Stat. § 463.22.

■ At issue here is the trial court's denial of the city's request for expenses. The court reasoned that the city was not entitled to expenses because the court did not merely sustain the municipal order to raze, but instead sustained a "very significantly" modified order, which it drafted, and which did not set a date for removal of the house, but instead provided that the city could later petition for a removal date. The court further noted that after it refused to accede to the city's desire to raze the house, Schwanke made the necessary repairs at his own expense.

The court rejected the argument that its role was merely ministerial and that the city was entitled to expenses regardless of outcome. Because it concluded that the city did

not "carry out" the municipal order to raze, it denied the city's motion. In its order for judgment, the court went on to order the municipal order to raze annulled and set aside, because the order issued was drafted by the court and bore little resemblance to the original order.

Schwanke cites the provision in Minn.Stat. § 463.22 which allows the municipality expenses incurred in "carrying out" the order, and authorizes the trial court to "correct" the city's expense account if necessary. He contends the trial court properly "corrected" the expense account to disallow recovery of costs because the city did not "carry out" its order to raze.

While the trial court did not adopt the municipal order to raze, the statute contemplates that the court may modify the municipal order. Minn.Stat. § 463.20. The city was required to apply to the court to compel Schwanke to address his hazardous building. The fact that the trial court significantly modified the order, or ordered repairs rather than the razing of the structure, does not preclude an award of expenses.

Schwanke, however, contends the city could have avoided these expenses by not entering into litigation. He argues his financial inability prevented him from completing the project more quickly, notes he incurred legal expenses as well, and contends he had insufficient time to make repairs. If a property owner does not cooperate with a municipal order by failing to make repairs or failing to remove a substandard building, then the municipality must incur further expense and seek court sanction of its municipal order. The purpose of the provision authorizing reimbursement of expenses is to shift responsibility for repairs of deficient structures to the owners. The structure was a hazard, and the city acted as authorized by the legislature to compel the owner to take action. Under the statute, the city was entitled to reimbursement for expenses incurred. Minn.Stat. § 463.22.

The city argues that after it reported its action under the order and submitted its statement of monies received and expenses incurred, the trial court's function was merely ministerial. It argues that absent mathe-

matical error requiring correction, the city is entitled to its expenses. *See* Minn.Stat. § 463.22. However, we believe that the trial court has authority to determine the reasonableness of expenses, and remand for a determination accordingly.

## DECISION

The city is entitled to reasonable expenses under Minn.Stat. § 463.22, even though the trial court substantially modified the city's municipal order.

**Reversed and remanded.**