Alice DECKER, et al., Respondents,

v.

Marilyn BRUNKOW, Defendant
and Third–Party Plaintiff,
Appellant,

v.

OAK RIDGE HOMES, SLS, INC., Third–
Party Defendant, Respondent.

No. C3–96–1609.

Court of Appeals of Minnesota.

Dec. 31, 1996.

Review Denied Feb. 26, 1997.

Charles A. Krekelberg, Krekelberg Law Firm, Pelican Rapids, for Respondents Decker et al.

Christopher D. Robinson, Askegaard & Robinson, P.A., Brainerd, for Appellant Brunkow.

Gregory L. Wright, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for Respondent Oak Ridge Homes.

Considered and decided by KLAPHAKE, P.J., and SCHUMACHER and FOLEY,* JJ.

## OPINION

SCHUMACHER, Judge.

Marilyn Brunkow appeals from a judgment, arguing the trial court erred in not limiting her liability to respondent Alice Decker to four times her percentage of fault pursuant to Minn.Stat. § 604.02, subd. 1 (1996). We affirm.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

The facts of this case are undisputed. Brunkow was the owner of a building that was leased to respondent Oak Ridge Homes, SLS, Inc. (Oak Ridge). Decker was an employee of Oak Ridge.

On April 17, 1993, Decker was injured when she tripped and fell on the property while working for Oak Ridge. Decker brought an action against Brunkow who then commenced a third-party action against Oak Ridge for indemnification or contribution.

After a 3–day trial, the jury found Brunkow 5% and Oak Ridge 95% negligent. The jury awarded Decker $125,020.93 in damages.

Decker moved to allocate liability for the entire verdict to Brunkow because Oak Ridge was immune from direct liability under the Workers' Compensation Act. Brunkow argued that her liability was limited to four times her percentage of fault under Minn. Stat. § 604.02, subd. 1.

The trial court granted Decker's motion, declining to modify the contribution rule of *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977), and holding that section 604.02 does not limit Brunkow's liability. Brunkow appeals.

## ISSUE

Does the 1988 amendment to Minn.Stat. § 604.02, subd. 1, which limits the liability of a tortfeasor who is 15% or less at fault to no more than four times the percentage of fault, modify the contribution rule of *Lambertson?*

## ANALYSIS

■ The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). "The fundamental aim of an appellate court construing a statute is to ascertain and give effect to the legislative intent." *In re Copeland,* 455 N.W.2d 503, 506 (Minn.App.1990), *review denied* (Minn. July 13, 1990).

Brunkow argues that her liability to Decker is limited to four times her percentage of fault because the 1988 amendment to Minn. Stat. § 604.02, subd. 1, modified the contribution rule of *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977). This is an issue of first impression.

Prior to 1988, damages in multi-party negligence cases were statutorily apportioned:

> When two or more persons are jointly liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that each is jointly and severally liable for the whole award.

Minn.Stat. § 604.02, subd. 1 (1986). In situations where an employer who paid workers' compensation benefits and a third-party tortfeasor were both negligent, however, the Workers' Compensation Act provided the exclusive allocation method for damages and cut off the third-party tortfeasor's right to contribution from the employer. *Hendrickson v. Minnesota Power & Light Co.,* 258 Minn. 368, 374–75, 104 N.W.2d 843, 849 (1960), *overruled in part by Tolbert v. Gerber Indus.,* 255 N.W.2d 362, 368 n. 11 (Minn. 1977).

In *Lambertson,* the supreme court recognized the conflict between the third-party tortfeasor's contribution claim and the exclusive remedy of the workers' compensation law:

> [The third-party tortfeasor] has been forced to bear the entire burden of plaintiff's recovery despite the fact that it was [less negligent] and has a [more negligent] employer joined in the action and available for contribution. In contrast, granting contribution would result in substantial employer participation in its employee's common-law recovery despite the exclusive-remedy clause.

*Lambertson,* 312 Minn. at 128–29, 257 N.W.2d at 688. As a compromise, *Lambertson* constructed a contribution rule whereby the third-party tortfeasor was entitled to contribution against the employer

> in an amount proportional to its percentage of negligence, but not to exceed its total workers' compensation liability to plaintiff.

*Id.* at 130, 257 N.W.2d at 689. *Lambertson* noted its approach

> allows the third party to obtain limited contribution, but substantially preserves the employer's interest in not paying more than workers' compensation liability.

*Id.*

In 1988, the legislature amended Minn. Stat. § 604.02, subd. 1 as follows:

> When two or more persons are jointly liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that each is jointly and severally liable for the whole award. Except in cases where liability arises under [a number of unrelated chapters], *a person whose fault is 15 percent or less is liable for a percentage of the whole award no greater than four times the percentage of fault* * * *.

1988 Minn.Laws ch. 503, § 3 (emphasis added). This new language has become known as the "15% × 4" rule. *See* Michael K. Steenson, *Joint and Several Liability Minnesota Style,* 15 Wm.Mitchell L.Rev. 969, 985 (1989).

The essential question, therefore, is whether the "15% × 4" rule of amended section 604.02 modifies the contribution rule in *Lambertson.* We hold that it does not.

Brunkow argues the legislative intent behind the "15% × 4" rule was to remedy the unfairness of holding a low-percentage at-fault tortfeasor responsible under joint and several liability for 100% of the award. *See id.* The amendment was primarily intended to remedy unfairness in tort actions. *See id.* at 986. The court in *Lambertson,* however, noted:

> "Since workmen's compensation statutes provide that the obligations thereunder are the only liability of the employer to the employee, or his representatives, there is no common liability involving the employer and third party in such situations; and therefore, there is no ground for allowing contribution." While there is no common liability to the employee *in tort,* both the employer and the third party are nonetheless liable to the employee for his injuries; the employer through the fixed no-fault

workers' compensation system and the third party through the variable recovery available in a common law tort action. Contribution is a flexible, equitable remedy designed to accomplish a fair allocation of loss among parties.

312 Minn. at 128, 257 N.W.2d at 688 (quoting *Hendrickson,* 258 Minn. at 374–75, 104 N.W.2d at 849). Moreover, the supreme court in *Kempa v. E.W. Coons Co.,* 370 N.W.2d 414 (Minn.1985), noted that "the statutory apportionment of damages, section 604.02, does not govern an employer's contribution" because a third-party tortfeasor and an employer "are neither jointly liable nor jointly and severally liable" to the employee. *Id.* at 420. According to *Lambertson* and *Kempa,* Brunkow and Oak Ridge are not jointly liable under traditional tort law concepts. Amended section 604.02, therefore, does not apply where the third-party tortfeasor seeks contribution from a negligent employer who is exclusively liable under workers' compensation law.

Neither party claims the legislative history of section 604.02 contemplated the conflict between the workers' compensation law and contribution actions as discussed in *Lambertson.* While *Lambertson* recognized the unfairness of its contribution rule, the court commented that any change should be made to the "workers'-compensation-third-party law." 312 Minn. at 130, 257 N.W.2d at 689. No such changes have been made. We hold that until the legislature chooses to address the conflict, the contribution rule in *Lambertson* applies.

■ We find no merit in Brunkow's argument that application of the *Lambertson* rule violates her constitutional right to equal protection. Brunkow is not treated differently than other third party tortfeasors who seek contribution from employers. *See In re Harhut,* 385 N.W.2d 305, 310 (Minn.1986) (equal protection clauses of federal and state constitutions require that all persons similarly situated be treated alike under law).

## DECISION

The trial court properly refused to limit Brunkow's liability to four times her percent-

age of fault pursuant to Minn.Stat. § 604.02, subd. 1.

**Affirmed.**