**The HERTZ CORPORATION,**
**Respondent,**

v.

**STATE FARM MUTUAL INSURANCE**
**COMPANY, Appellant.**

No. C3–96–2050.

Court of Appeals of Minnesota.

April 1, 1997.

Michael A. Koziol, Ditzler & Koziol, Minneapolis, for Respondent.

Linc S. Deter, Brett W. Olander & Associates, St. Paul, for Appellant.

Considered and decided by
KALITOWSKI, P.J., and TOUSSAINT, C.J., and MANSUR,* J.

_____

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

MARTIN J. MANSUR, Judge.

Appellant, the insurance company providing coverage on a car renter's personal vehicle, challenges the district court's summary judgment in favor of respondent car rental company declaring that appellant, and not respondent car rental company, provides liability coverage for renter involved in accident with rented car. We affirm.

## FACTS

Respondent Hertz Corporation (Hertz) is a car rental business. On August 2, 1994, it rented a car in Minnesota to Jeffrey Powers. Powers became involved in an accident while driving the vehicle on August 3, 1994, and the driver of the other vehicle brought claims against him. Hertz brought this action against the insurer of Powers's own vehicle, appellant State Farm Mutual Insurance Company (State Farm), seeking a declaratory judgment that the State Farm policy covers the accident and that Hertz has no obligation to defend or indemnify Powers against any claims.

The rental agreement provided:

If you do not purchase liability insurance supplement (LIS) * * * at the commencement of the rental and an accident results from the use of the car, *your insurance and the insurance of the operator of the car will be primary. This means that Hertz will not grant any defense or indemnity protection* under this paragraph if either you or the operator of the car are covered by any valid and collectible automobile liability insurance, whether primary, excess or contingent * * *. If neither you nor the operator of the car have such insurance, Hertz will grant you and any authorized operator of the car limited protection under the terms and conditions stated [in other specified provisions of the agreement].

(Emphasis added.) Powers did not purchase the liability insurance supplement. He did, however, have a State Farm insurance policy on his own vehicle that provided the following non-owned vehicle coverage:

The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.

(Emphasis omitted.) The policy also provided that

[i]f * * * a temporary substitute car or a non-owned car has other vehicle liability coverage on it, then this coverage is excess.

(Emphasis omitted.) At the time of the accident, Hertz, by a certificate of self-insurance approved by the commissioner of commerce, was in compliance with the requirement in the Minnesota no-fault automobile insurance act that it maintain liability insurance on its vehicles.

On cross-motions for summary judgment, the district court ruled that State Farm is responsible for all liability coverage for the accident and that Hertz has no obligations of defense or indemnity. State Farm appeals that judgment.

## ISSUE

Does the provision in the Hertz rental agreement accepting liability only if the driver has no other collectible insurance violate the Minnesota no-fault automobile insurance act?

## ANALYSIS

On appeals from summary judgments, this court must consider two questions:

(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). This case involves only issues of statutory construction and insurance contract interpretation. Statutory construction is a question of law to be reviewed de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). Interpretation of an insurance contract is also subject to de novo review. *Daybreak Foods, Inc. v. Western Nat'l Mut. Ins. Co.,* 508 N.W.2d 231, 232 (Minn. App.1993), *review denied* (Minn. Jan. 14, 1994).

## I. Violation of No–Fault Act

State Farm claims that the rental agreement in this case violates the Minnesota no-fault automobile insurance act, Minn.Stat. §§ 65B.41–.71 (1994) (the act), because the act requires Hertz to provide liability insurance for its cars.

Under the act, vehicle owners must maintain a plan of reparation security covering liability at least up to specified minimum amounts. Minn.Stat. § 65B.48, subd. 1. The security can be provided through an insurance policy with a third-party or by an approved system of self-insurance. Minn.Stat. § 65B.48, subd. 2. At the time of the accident here, Hertz had a certificate of self-insurance issued by the commissioner of commerce pursuant to Minn.Stat. § 65B.48, subd. 3.

State Farm argues that Hertz violated the act by discharging its insurance obligations in the rental agreement to the extent that Powers had other applicable insurance (i.e., the State Farm policy). State Farm relies principally on *McClain v. Begley*, 465 N.W.2d 680 (Minn.1991).

*McClain* similarly involved a rental car accident. 465 N.W.2d at 681. There, though, the rental agreement attempted to place all responsibility for liability insurance on the renter, expressly stating that it would not provide such coverage under any circumstances. *Id.* at 681, 685 n. 7. At least by the time that the supreme court heard the case, there was no dispute that this was illegal under the no-fault act.[1] *Id.* at 682. The issue, rather, was the narrow one of whether the rental company's liability limit was the statutory minimum or the (much higher) amount that it represented to the Department of Commerce in applying for a certificate of self-insurance. *Id.* The court held that, "based more on equitable estoppel principles than on any other," the rental company was liable up to the amount of coverage it represented it would provide in its application. *Id.*

We do not read *McClain* as standing for the proposition that a rental company must ultimately, in all circumstances, agree to cover liability claims against its renters. The purpose of the no-fault act is to "relieve the severe economic distress of uncompensated victims of automobile accidents," Minn.Stat. § 65B.42(1), and not the much more narrow goal of regulating car rental companies. That purpose is satisfied here, because the rental agreement provides that if the renter does not have collectible insurance, Hertz will provide coverage up to amounts deemed sufficient by the act. There is no danger in this case that the victim of the accident will be forced to proceed against Powers individually, without the benefit of any insurance coverage.

## II. Priority of Coverage

State Farm argues, based on Minn.Stat. § 65B.49, subd. 3(3)(d), and, alternatively, the closeness-to-the-risk doctrine, that even if the rental agreement does not violate the act, Hertz's liability under its self-insurance system is primary and State Farm's is only excess.

The rental agreement provides that if there is other "collectible * * * insurance, whether primary, excess or contingent," then "Hertz will not grant *any* defense or indemnity." As we have held that the agreement does not violate the act, there is simply no basis for reaching a priority issue. We affirm the trial court's decision that the agreement is enforceable, and State Farm's policy provides exclusive coverage for the accident.

## DECISION

The rental agreement in this case does not violate the act. State Farm's policy provides the exclusive coverage for the accident under the terms of the valid rental agreement.

**Affirmed.**

---

1. The court noted that the Department of Commerce had already declared the rental agreement illegal because it eliminated any responsibility on the rental company's part for insuring the vehicle. 465 N.W.2d at 682. *See also State Farm*

*Mut. Auto. Ins. Co. v. Enterprise Leasing Co.*, 452 Mich. 25, 549 N.W.2d 345, 350 (1996) (under Michigan's no-fault act, a rental company cannot shift coverage responsibility entirely to the driver).