**STATE of Minnesota, Respondent,**

v.

**Gerald Nicolas CEPEDA, Appellant.**

No. C4–98–1011.

Court of Appeals of Minnesota.

Jan. 26, 1999.

Michael A. Hatch, Attorney General, St. Paul, MN; Amy Klobuchar, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN (for respondent).

Steven P. Russett, Assistant State Public Defender, Minneapolis, MN (for appellant).

Considered and decided by HARTEN, Presiding Judge, SCHUMACHER, Judge, and PETERSON, Judge.

## OPINION

HARTEN, Judge.

Appellant was convicted of second degree assault in violation of Minn.Stat. § 609.222, subd. 1 (1996) (assault with a dangerous weapon). He challenges his conviction on the ground that the beer bottle was not a "dangerous weapon" within the meaning of the statute and that the evidence was insufficient to show that he was the assailant.

## FACTS

The facts are stipulated. Appellant Gerald Nicholas Cepeda was identified as the individual who, after exchanging insults with the victim, threw a beer bottle that hit the victim's head and broke, leaving beer and broken glass on her shirt and resulting in her being treated for dizziness and double vision. Appellant was charged with second degree assault in violation of Minn.Stat. § 609.222, subd. 1.

## ISSUE

Was the beer bottle appellant threw a "dangerous weapon" within the meaning of Minn.Stat. § 609.222, subd. 1?

## ANALYSIS

The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).[1]

Minn.Stat. § 609.02, subd. 6 (1996) defines a dangerous weapon in relevant part as "[a] device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm * * *."[2] "Great bodily harm" is defined as:

---

1. Appellant frames the issue as whether "the evidence [was] insufficient as a matter of law to prove beyond a reasonable doubt that the bottle used in the assault was a 'dangerous weapon'." Sufficiency of the evidence is reviewed under a "reasonable doubt" standard. *See State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988) (the presumption of innocence must be overcome "by proof [of guilt] beyond a reasonable doubt"). But the "reasonable doubt" language applies to the guilt of a defendant, not to statutory construction, which is reviewed de novo. *See Hibbing Educ. Ass'n,* 369 N.W.2d at 529.

2. The device need not have been intended for use as a weapon. *See, e.g. State v. Moss,* 269 N.W.2d 732, 736 (Minn.1978) (scissors considered to be a dangerous weapon); *State v. Davis,* 540 N.W.2d 88, 90–91 (Minn.App.1995) (hands and feet held to be dangerous weapons), *review denied* (Minn. Jan. 31, 1996).

*bodily injury* which creates a high probability of death, or which causes serious permanent disfigurement, or *which causes a permanent or protracted loss or impairment of the function of any bodily member or organ* or other *serious bodily harm.*

Minn.Stat. § 609.02, subd. 8 (1996) (emphasis added). The issue thus becomes whether appellant threw the beer bottle in a manner calculated or likely to produce a bodily injury that caused serious bodily harm.

■ Appellant argues that there is no evidence of the force with which the bottle was thrown or how far it traveled. Whatever the distance, it was short enough and the force great enough to cause the bottle to break when it hit the victim's head. Appellant also argues that there is no evidence showing he threw the bottle at the victim. Given the fact that appellant and the victim exchanged heated words immediately before appellant threw the bottle that hit the victim, the fact that appellant threw the bottle at the victim was a reasonable inference.

■ In his pro se brief, appellant also challenges the sufficiency of the evidence showing he was the assailant. After careful review of the record, we conclude that there is sufficient evidence to show that appellant threw the bottle.

### DECISION

Because the beer bottle appellant threw at the victim was a dangerous weapon within the meaning of the statute, we affirm appellant's conviction.

**Affirmed.**