COUNTY OF SCOTT, Relator,

v.

PUBLIC EMPLOYMENT RELATIONS
BOARD, American Federation of State,
County and Municipal Employees,
Council No. 14, Respondents.

No. C9–90–1228.

Court of Appeals of Minnesota.

Oct. 23, 1990.

Review Denied Dec. 20, 1990.

Frank J. Madden, Pamela R. Galanter, Frank Madden & Associates, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Martha J. Casserly, Sp. Asst. Atty. Gen., St. Paul, for Public Employment Relations Bd.

Linda M. Nelson, Gregg M. Corwin, Gregg M. Corwin and Associates, St. Louis Park, for American Federation of State, County & Mun. Employees, et al.

Considered and decided by CRIPPEN, P.J., HUSPENI and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

The Bureau of Mediation Services granted the respondent union's petition for accretion of the Scott County assistant county attorneys into a courthouse employees bargaining unit. This decision having been affirmed by the Public Employment Relations Board, Scott County appeals to this court. Appellant contends the Board improperly interpreted and applied Minn.Stat. § 179A.09 (1988) in reaching its decision. We affirm.

## FACTS

American Federation of State, County and Municipal Employees (AFSCME), Council No. 14 is the exclusive bargaining agent for all non-professional courthouse employees in Scott County. At the time this unit was formed in 1971, the position of assistant county attorney existed but was not included in the bargaining unit. Over the past ten years, bargaining between Scott County and AFSCME has produced a broad recognition clause that allows for the inclusion of professional employees. In May 1989, AFSCME sought to include assistant county attorneys in its bargaining unit by filing an accretion petition with the Bureau of Mediation Services. The Bureau approved accretion of the assistant attorneys and this decision was later affirmed by the Public Employment Relations Board.

## ISSUES

1. Did the Board correctly interpret and apply Minn.Stat. § 179A.09 (1988) when determining that special circumstances of assistant attorneys did not preclude accretion into the existing AFSCME union?

2. Did the Board err by failing to solicit employee wishes on accretion beyond the support shown by the petition?

## ANALYSIS

1. The agency decision is presumed to be correct and courts give deference to the agency's expertise and special knowledge in the field of its technical training, education, and experience. *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977). The decison will be reversed only if it reflects an error of law, the determinations are arbitrary and capricious, or the findings are unsupported by the evidence. *Cable Communications Bd. v. Nor–West Cable Communications Partnership*, 356 N.W.2d 658, 668 (Minn.1984).

Relator argues that the Board made several errors of law in interpreting and apply-

ing Minn.Stat. § 179A.09 (1988) (the Public Employment Labor Relations Act or PELRA) to allow accretion of the assistant county attorneys. Relator contends special characteristics of these employees preclude accretion.

Under Minn.Stat. § 179A.04, subd. 2 (1988), the Board is required to consider the criteria of Minn.Stat. § 179A.09 to determine an appropriate bargaining unit. Minn.Stat. § 179A.09 states:

> In determining the appropriate unit, the commissioner shall consider the principles and the coverage of uniform comprehensive position classification and compensation plans of the employees, professions and skilled crafts, and other occupational classifications, relevant administrative and supervisory levels of authority, geographical location, history, extent of organization, the recommendation of the parties, and other relevant factors. The commissioner shall place particular importance upon the history and extent of organization, and the desires of the petitioning employee representatives.

The Board applied these accretion criteria and found that most favored accretion. The county does not challenge this finding.

■ First, the county argues that the Board should have made an initial determination about whether the assistant attorneys would have been appropriate as a separate unit. The National Labor Relations Board and federal courts have interpreted the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–169 (1988), to prohibit accretion of employees to an exisiting bargaining unit unless the employees have little or no separate identity distinct from the bargaining unit. *Pacific Southwest Airlines v. NLRB*, 587 F.2d 1032, 1041 n. 16 (9th Cir.1978).

■ The Public Employment Relations Board is not required to follow federal court interpretations of the NLRA when interpreting section 179A.09. The NLRA covers employees in the private sector while section 179A.09 covers employees in the public sector. As the supreme court stated in *International Union of Operating Engineers, Local No. 49 v. City of Minneapolis*, 305 Minn. 364, 369, 233 N.W.2d 748, 752 (1975) (quoting Minn.Stat. § 179.61 (repealed 1984) (corresponds to Minn.Stat. § 179A.01 (1988)):

> We are, of course, not bound by [NLRA] decisions. The NLRA governs private sector employment while the PELRA governs public sector employment. The legislature in enacting the PELRA recognized that '[t]he relationships between the public, the public employees, and their employer governing bodies imply degrees of responsibility to the people served, need of cooperation and employment protection which are different from employment in the private sector.'

Furthermore, Minn.Stat. § 179A.09 specifically sets out the criteria for deciding accretion cases while the NLRA does not. *See* 29 U.S.C. § 159(b) (1988). The Board should not be required to look to federal court interpretations of a general statute when the Minnesota statute gives specific criteria for its decision. *See Minnesota State College Bd. v. Public Employment Relations Bd.*, 303 Minn. 453, 462, 228 N.W.2d 551, 557 (1975) (per curiam) (PELRA provision requiring judicial review controls when no applicable NLRA provision). Nothing in section 179A.09 suggests the need for an initial determination that the assistant attorneys have no separate identity. The Board did not err by refusing to make such a finding.

■ Second, relator argues that the Board gave insufficient weight to the history and extent of organization of the assistant attorneys. The Board is required to "place particular importance" on these factors under Minn.Stat. § 179A.09. The county contends that the assistant attorneys have never been represented, that AFSCME has never before attempted to accrete them, and that at one time the collective bargaining agreement specifically exempted professional employees.

■ Where the group to be accreted has a separate bargaining history or has been represented by another union, these factors should be given careful consideration by the Board. *See NLRB v. Food Employers Council, Inc.*, 399 F.2d 501, 503 (9th Cir. 1968) (refusal to accrete employees represented by rival union upheld). A strong

emphasis on organizational history is less appropriate in a case such as this where the group sought to be accreted has no separate organizational history. Moreover, relator fails to point out that the parties have bargained out of the collective bargaining agreement the provisions exempting professional employees. Finally, the Board recognized that the assistant attorneys had not been represented for eighteen years. The agency emphasized that other factors warranted accretion, including the desires of AFSCME, another factor which must be considered "particular[ly] importan[t]" under the unique provisions of PELRA. Minn.Stat. § 179A.09. We also observe that the Bureau and the Board may properly seek to avoid overfragmentation in the organization of public employees. *Minnesota State College Bd.*, 303 Minn. at 471, 228 N.W.2d at 561. The Board's application of section 179A.09 is well within its expertise and authority and there is substantial evidence to support it. The Board did not err in its consideration of the statutory factors.

Third, relator contends that under federal law, when determining the appropriateness of accretion, the Board must give close scrutiny to accretion petitions because of the danger that employees who have not voted for representation may be "bootstrapped" into the bargaining unit. This is not a concern in this case. The present AFSCME bargaining unit contains 114 employees. As the Board noted, conducting an election after adding the seven assistant county attorneys to the unit would not significantly affect AFSCME's majority status as the exclusive representative of courthouse employees.

Finally, relator expresses concern that its confidential relationship with its assistant county attorneys may be compromised if they are accreted into the AFSCME bargaining unit. The county has cited no federal or state law indicating that county attorneys cannot appropriately be members of a bargaining unit nor has the county sufficiently demonstrated that accretion would adversely affect its confidential relationship with its attorneys.

2. When an accretion decision is made under the NLRA, special weight is given to the preferences of the employees to be accreted into the existing bargaining unit. *Westwood Import Co. v. NLRB*, 251 N.L.R.B. 1213, 1220 (1980), *enforced* 681 F.2d 664 (9th Cir.1982). Relator argues that accretion cannot be allowed here because the assistant attorneys did not have an opportunity to express their preferences.

PELRA does not require that the employees to be accreted be given an opportunity to vote on the accretion proposal. The Act includes only a statement of general policy that employees "choose freely their representatives." Minn.Stat. § 179A.01(1) (1988). Moreover, as we have discussed, we are not required to apply NLRA decisions to PELRA cases. *International Union of Operating Engineers*, 305 Minn. at 369, 233 N.W.2d at 752.

Here, no assistant county attorney expressed opposition to accretion to the Bureau or the Board. Furthermore, AFSCME submitted a petition for accretion that showed at least thirty percent support for accretion among the assistant attorneys. This showing of interest among employees is required by law [1] and the adequacy of the petition has not been questioned. Nothing in the record shows the wishes of employees were unduly disregarded in the Board's application of its expertise and authority in granting AFSCME's petition.

## DECISION

The Public Employment Relations Board did not err in its interpretation and application of Minn.Stat. § 179A.09.

Affirmed.

---

1. Minn.R. 5510.0710, subp. 2 (1989) provides: Evidence of a showing of interest in the form of authorization signatures must accompany all petitions. An adequate showing of interest for the conduct of an investigation or hearing shall be authorization signatures from 30 percent or more of the estimated number of employees in the established or proposed appropriate unit.