**In the Matter of a Petition for CLARIFICATION OF AN APPROPRIATE UNIT.**

No. C3–96–699.

Court of Appeals of Minnesota.

Nov. 19, 1996.

Nancy B. Vollertsen, Gregory J. Griffiths, Dunlap & Seegar, P.A., Rochester, for Respondent County of Winona.

Kent A. Gernander, Lee Ann Riehle, Streater, Murphy, Gernander, Forsythe & Telstad, P.A., Winona, for Relator Winona County Non–Union Employees Association.

Considered and decided by WILLIS, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

By writ of certiorari, relator Winona County Non–Union Employees Association (Association) appeals from a Bureau of Mediation Services (BMS) unit clarification order determining that the Public Employment Labor Relations Act (PELRA) prohibits a confidential supervisory employee from remaining in a supervisory bargaining unit represented by the Association.

## FACTS

The County of Winona (County) is a public employer within the meaning of PELRA, Minn.Stat. §§ 179A.01–.30 (1994). The Association is a labor organization certified by the BMS as the exclusive representative of all department heads of the County who are public employees, excluding certain positions.

All the employees of the unit represented by the Association are supervisory employees. The Information Systems Director, who is both a confidential and supervisory employee, has been included in the unit since its creation pursuant to the BMS certification in 1992.

On July 10, 1995, the County filed with the BMS a "Petition for Clarification or Amendment of Appropriate Unit." The petition requested removal of the Information Systems Director from the unit due to his status as a confidential employee.

A hearing was waived by the parties. The matter was submitted to the BMS for determination on written arguments. On March 14, 1996, the BMS issued its order determining PELRA prohibits the Information Systems Director, a supervisory and confidential employee, from being included in the supervisory bargaining unit represented by the Association. This appeal followed.

## ISSUE

Did the BMS err in holding PELRA prohibits a confidential supervisory employee from being included in a bargaining unit with nonconfidential supervisory employees?

## ANALYSIS

On appeal, an administrative agency decision will be sustained unless it "reflects an error of law, the determinations are arbitrary and capricious, or the findings are unsupported by the evidence." *County of Scott v. Public Employment Relations Bd.*, 461 N.W.2d 503, 504 (Minn.App.1990), *review denied* (Minn. Dec. 20, 1990) (citation omitted).

The construction of a statute is a question of law fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). A reviewing court is not bound by an agency's interpretation of a statute. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). However, an agency interpretation is entitled to some deference when "(1) the statutory language is technical in nature, and (2) the agency's interpretation is one of long standing application." *Id.* Statutory terms "generally should be construed according to their plain and ordinary meaning." *Nadeau v. Austin Mut. Ins. Co.*, 350 N.W.2d 368, 373 (Minn.1984).

The Association argues the BMS's decision in excluding the confidential supervisory employee from the bargaining unit was based on an error of law. The BMS made its decision in reliance on a previous case it decided, City of Virginia, MN and City of Virginia Supervisor's Association, BMS Case No. 95–PAF–1468 (Oct. 24, 1995). In that case, a labor union was the certified exclusive representative of two bargaining units of city employees. Unit 1 consisted of all city employees who were supervisory, but not confidential. Unit 2 consisted of all city employees who were both supervisory and

confidential. One of the issues was whether the union was prohibited by Minn.Stat. § 179A.06, subd. 2 (1994), from representing both units. In its analysis, the BMS cited part of section 179A.06, subdivision 2, which states, with certain exceptions:

[A] supervisory or confidential employee organization which is affiliated with another employee organization which is the exclusive representative of nonsupervisory or nonconfidential employees of the same public employer shall not be certified, or act as, an exclusive representative for the supervisory or confidential employees.

Relying on the above-quoted language, the BMS held an employee organization that represents supervisory, nonconfidential employees was prohibited from representing another bargaining unit of supervisory, confidential employees of the same employer.

Applying the holding in the City of Virginia case to this matter, the BMS concluded that a bargaining unit that consists of supervisory employees only, is prohibited by PELRA from including supervisory employees whose duties are also confidential. We disagree.

First, a reading of the plain language of Minn.Stat. § 179A.06, subd. 2, does not appear to mandate the holding in the City of Virginia case. More importantly, the relied upon language in section 179A.06, subdivision 2, deals with limitations on employee organizations, and not the issue of unit determination. Rather, section 179A.09, subdivision 1, sets forth the criteria for determining the appropriate employee unit:

In determining the appropriate unit, the commissioner shall consider the principles and the coverage of uniform comprehensive position classification and compensation plans of the employees, professions and skilled crafts, and other occupational classifications, relevant administrative and supervisory levels of authority, geographical location, history, extent of organization, the recommendation of the parties, and other relevant factors. The commissioner shall place particular importance upon the history and extent of organization, and the desires of the petitioning employee representatives.

Minn.Stat. § 179A.09, subd. 1 (1994). The BMS made no reference to this section or the listed criteria in making its determination.

Further, section 179A.09, subdivision 2, also not referred to by the BMS, sets forth what the commissioner *cannot* do in making a unit determination. "The commissioner shall not designate an appropriate unit which includes *essential employees* with other employees." Minn.Stat. § 179A.09, subd. 2 (emphasis added). Essential employees are defined to include both confidential employees and supervisory employees. Minn.Stat. § 179A.03, subd. 7 (1994). Thus, section 179A.09, subdivision 2, makes it clear that PELRA only prohibits essential employees from being included in the same unit with nonessential employees. Nothing in section 179A.09 recognizes a distinction between supervisory and confidential employees or prohibits confidential supervisory employees from being included in the same unit with nonconfidential supervisory employees. Although respondent County raises policy concerns as to why a confidential employee should not be in the same unit as nonconfidential employees, these concerns are not specifically included in the criteria established by the legislature in Minn.Stat. § 179A.09, subd. 1. Rather, this section requires that, among other things, particular importance be placed on the history and desires of the employee organization. We thus conclude that PELRA does not prohibit the Information Systems Director from remaining in the supervisory bargaining unit that he has been in since 1992.

Finally, respondent's argument based on this court's decision in *AFSCME, Council No. 14 v. County of Scott*, 530 N.W.2d 218 (Minn.App.1995) is not persuasive. Because the *County of Scott* decision does not deal with the issue of unit determination, the statement that "[c]onfidential employees may not be in the same bargaining unit as nonconfidential employees" is dictum. *Id.* at 221. Further, although the quoted language cites as sole authority Minn.Stat. § 179A.09, subd. 2, the language is not consistent with section 179A.09, subdivision 2, which, as noted above, only prohibits essential employees

from being included in the same unit with nonessential employees.

## DECISION

The Bureau of Mediation Services erred in determining that PELRA prohibits a confidential supervisory employee from remaining in the supervisory bargaining unit represented by the Winona County Non-Union Employees Association.

**Reversed and remanded.**

LANSING, Judge, dissenting.

I agree with the majority's statement that the Public Employment Labor Relations Act does not expressly prohibit a confidential supervisory employee from being included in the same bargaining unit with nonconfidential supervisory employees. But I think that is where the analysis begins, not where it ends.

A confidential employee is defined by statute as an employee who has access to information used by the public employer in negotiating or actively participates in negotiations on behalf of the employer. Minn.Stat. § 179A.03, subd. 4(1), (2) (1994). Supervisory employees include all employees who exercise supervisory functions such as hiring and discharge. Minn.Stat. § 179A.03, subd. 17 (1994).

The fact that the act recognizes the distinction between supervisory and confidential employees for purposes of forming bargaining units demonstrates a legislative intent of separation. The act consistently uses the word "or" between the words "supervisory" and "confidential." The separate references throughout Minn.Stat. § 179A.06, subd. 2 (1994) reinforce the separation of the two categories.

In determining and clarifying appropriate units, the Commissioner is permitted to consider a number of factors: "* * * occupational classifications, relevant administrative and supervisory levels of authority, geographical location, history, extent of organization, the recommendation of the parties, *and other relevant factors.*" Minn.Stat. § 179A.09, subd. 1 (1994) (emphasis added); *see, e.g., School Serv. Emp. Local No. 284 v. Independent School District No. 270,* 499 N.W.2d 828 (Minn.App.1993) (considering educational effect and shared interests in making accretion determination). Explicit prohibitions are only part of the determination.

The statute's separation between supervisory and confidential employees is a sufficient basis on which the Bureau of Mediation Services could issue a unit determination based (as the director stated) on the dictates of common sense, that a bargaining unit consisting of supervisory employees only, may not include employees whose duties are both supervisory and confidential. I believe that determination should be affirmed.