660 N.W.2d 467 (2003)
In the Matter of a PETITION FOR CLARIFICATION OF AN APPROPRIATE UNIT,
Education Minnesota-Intermediate District No. 917, Local 3904, St. Paul, Minnesota, Relator,
v.
Intermediate School District No. 917, Rosemount, Minnesota, Respondent,
Bureau of Mediation Services, Respondent.
No. C7-02-1378.
Court of Appeals of Minnesota.
May 6, 2003.
*468 Christina L. Clark, Harley M. Ogata, Education Minnesota, St. Paul, for relator.
Sara J. Ruff, Plymouth, for respondent Intermediate School District No. 917.
Mike Hatch, Attorney General, St. Paul, for respondent Bureau of Mediation Services.
Considered and decided by SCHUMACHER, Presiding Judge, and G. BARRY ANDERSON, Judge, and HUDSON, Judge.

*469 OPINION
G. BARRY ANDERSON, Judge.
Relator Education Minnesota petitioned respondent Bureau of Mediation Services for a unit clarification, seeking a determination that teaching positions filled by nonlicensed community experts pursuant to Minn.Stat. § 122A.25 (2002) should be included in the teacher bargaining unit. After a hearing, the bureau excluded the nonlicensed community experts from the unit. Education Minnesota brings this certiorari appeal, arguing that because teaching positions filled by nonlicensed community experts constitute teaching positions as defined by the Public Employee Labor Relations Act, Minn.Stat. § 179A.04, subd. 18(1) (2002), they are properly included within the teacher bargaining unit. Because the bureau properly determined that nonlicensed community experts should be excluded from the teacher bargaining unit, we affirm.

FACTS
Respondent Intermediate School District No. 917 (the school district) is a public employer subject to the Public Employee Labor Relations Act (PELRA), Minn.Stat. §§ 179A.01-.25 (2002). Relator Education Minnesota is the exclusive bargaining representative under PELRA for the bargaining unit of teachers employed by the school district.
Most of the teachers employed by the school district are licensed to teach special education. The school district offers primarily special education programs, as well as secondary vocational education. Because there is a severe shortage of special education teachers, the school district sought permission to hire nonlicensed community experts to fill vacant special education positions. During the 2001-2002 school year, the board of teaching gave the school district approval to hire nine community experts who did not have teacher's licenses; eight of these community experts were hired to fill special education teaching positions. The school district gave the nonlicensed community experts a temporary contract, with salaries and responsibilities commensurate with those of a licensed teacher.
Generally, the school district has not placed nonlicensed community experts in the teacher bargaining unit, with the exception of one community expert who was a tenured occupational therapist and therefore a "teacher" within the meaning of Minn.Stat. § 179A.03, subd. 18(2) (2002). Relator petitioned the Bureau of Mediation Services for clarification or amendment of the appropriate teacher bargaining unit for the school district, requesting that all nonlicensed community experts employed by the school district be included in the local teacher bargaining unit. After a hearing, the bureau ruled that the community experts were not teachers and that they were excluded from the teacher bargaining unit. This certiorari appeal followed.

ISSUE
Should nonlicensed community experts who are hired to fill teaching positions under Minn.Stat. § 122A.25, subd. 1 (2002), be excluded from the teacher bargaining unit under PELRA?

ANALYSIS
An appellate court will reverse a decision by an agency "only if it reflects an error of law, the determinations are arbitrary and capricious, or the findings are unsupported by the evidence." County of Scott v. Pub. Employment Relations Bd., 461 N.W.2d 503, 504 (Minn.App.1990) (citations omitted), review denied (Minn. Dec. 20, 1990). The agency decision will be presumed correct and an appellate court *470 will defer "to the agency's expertise and special knowledge in the field of its technical training, education, and experience." Id. (citation omitted). The construction of the Public Employee Labor Relations Act (PELRA), Minn.Stat. ch. 179A (2002), is a question of law, and the decision on this point is fully reviewable. Hibbing Educ. Ass'n v. Pub. Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985). "Administrative interpretations [as to the construction of a statute] are entitled to great respect, but they are not binding on the court." Indep. Sch. Dist. No. 621 v. Pub. Employment Relations Bd., 268 N.W.2d 410, 412 n. 5 (Minn.1978) (citations omitted).
In construing laws, the purpose "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). When the words are clear and unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Id. "[N]o room for judicial construction exists when the statute speaks for itself." Anoka-Hennepin Educ. Ass'n v. Anoka-Hennepin Indep. Sch. Dist. No. 11, 305 N.W.2d 326, 329 (Minn.1981). If not explicit, the legislature's intent may be determined by considering the need for and objectives of the law, among other factors. Minn.Stat. § 645.16.
We first examine the licensure requirements for a teacher employed in the public schools. Minn.Stat. § 122A.15, subd. 1 (2002). Generally, a qualified teacher must hold a valid license "to perform the particular service for which employed in a public school." Minn.Stat. § 122A.16 (2002). Under an exception to this general rule, the board of teaching "may allow school districts * * * to hire nonlicensed community experts to teach * * * on a limited basis." Minn.Stat. § 122A.25, subd. 1 (2002).
To obtain permission to hire such nonlicensed personnel for a licensed teacher position, the school district must apply to the board of teaching for permission. Minn.Stat. § 122A.25, subd. 2 (2002). The board will consider the need to hire the community expert, the qualifications of the particular person, the district's unsuccessful efforts to hire licensed personnel, and other relevant information. Id.
Having set out the teacher licensure requirements, we now turn to the relevant provisions of PELRA. PELRA regulates labor relations in the public sector, including those between school districts and teachers. Indep. Sch. Dist. No. 621, 268 N.W.2d at 411. Under the act, public employees must meet and negotiate with an appropriate bargaining unit. Minn.Stat. § 179A.01(2) (2002). The Bureau of Mediation Services has the authority to determine appropriate bargaining units. Minn.Stat. § 179A.04, subd. 2 (2002). For school districts, an appropriate unit "means all the teachers in the district." Minn.Stat. § 179A.03, subd. 2. "Teacher" is defined in relevant part as
any public employee * * * employed by a school district * * * in a position for which the person must be licensed by the board of teaching or the commissioner of children, families, and learning.
Id., subd. 18(1) (2002).
It is undisputed that the positions for which nonlicensed community experts are hired, if filled by a licensed teacher, would be included in the teacher bargaining unit. The bureau determined that when the board of teaching grants the school district authority to hire a nonlicensed community expert, it has determined that under limited circumstances, the position does not require a license. Consequently, the bureau determined the nonlicensed community experts are not *471 teachers as defined by PELRA and are therefore excluded from the teacher bargaining unit represented by Education Minnesota.
Education Minnesota disputes this decision. It contends that bargaining units are composed of positions, not individuals. See Hibbing Educ. Ass'n, 369 N.W.2d at 529 (holding that licensure requirement of position, not job functions of employees, is determinative in resolving whether positions should be placed in teacher bargaining unit); see also Hill-Murray Fed'n v. Hill-Murray High School, 487 N.W.2d 857, 867-68 (Minn.1992) (holding that bureau's unit determination, which excluded supervisory positions and music and religion teachers, was supported by the record). It contends that consequently, the controlling issue is whether the position requires licensure, not whether the particular person filling it is licensed. Therefore, it concludes that because the position itself requires licensure, the positioneven if filled by the nonlicensed community expertbelongs within the teacher bargaining unit.[1]
In Hibbing Educ. Ass'n, the supreme court was faced with the issue of whether certain paraprofessionals, some of whom were licensed teachers, who were hired for positions that did not require licensure, should be placed in a teacher bargaining unit or a separate bargaining unit. 369 N.W.2d at 529. The supreme court noted that under Minn.Stat. § 179A.03, subds. 2, 18, if the paraprofessionals were in a position requiring licensure, they belonged in the teacher bargaining unit; if not, they belonged in a separate bargaining unit. Id. The court concluded that because their positions did not require licensure, they did not belong in the teacher bargaining unit. Id.; see In re Petition for Clarification, 529 N.W.2d 717, 719 (Minn.App.1995) (holding that where teacher positions required licensure, albeit by legislation and the local school district rather than the board of teaching, employees in those positions belonged in the teacher bargaining unit), review denied (Minn. June 14, 1995).
In addressing the issue, we must first note that unlike Hibbing Educ. Ass'n, the positions at issue are not ones that unqualifiedly require licensure. Instead, the legislature has specifically authorized the board of teaching, in clear and unambiguous language, to approve hiring community experts who are not licensed for these positions. Minn.Stat. § 122A.25, subd. 1. Education Minnesota argues that the position itselfwhich is what it asserts we must look atcontinues to require licensure, even if the particular qualifications of the person change. But this court has held that where the legislature and the school district impose a licensure requirement on a position, it is considered a teaching position within the meaning of PELRA. In re Petition for Clarification, 529 N.W.2d at 719. Conversely, where the legislature and the board of teaching indicate no license is requiredeven temporarilythe position is not a teaching position for purposes of PELRA. Under the plain language of the relevant statutes, inclusion in the teacher bargaining unit requires licensure and the community experts, who are permitted employment as teachers despite their lack of licensure, are not teachers within the meaning of section 179A.03, subdivision 18. Like the paraprofessionals in Hibbing Educ. Ass'n, 369 N.W.2d at 529, whose positions did not require licensure, the nonlicensed community experts here who do not require a *472 license are not properly within the teacher bargaining unit.
Relator, however, contends that the bureau's decision is unsupported by substantial evidence on the record. First, relator argues that the bureau ignored extensive testimony from the board of teaching's executive director and related documents which confirmed that positions filled by community experts were teaching positions that require licensure. But it is not disputed that the job postings for which the nonlicensed community experts were hired were for teaching positions or that the duties they perform were normally performed by teachers.
Next, relator claims that the decision was unsupported by substantial evidence because the bureau ignored the extensive and unrebutted testimony and written analysis by its grammar expert as to the meaning of Minn.Stat. § 179A.04, subd. 18(1). The bureau heard the expert's testimony, but was not compelled to adopt it. Construction of the statute is a legal question subject to de novo review. Hibbing Educ. Ass'n, 369 N.W.2d at 529. Therefore, we are not compelled to adopt the testimony of the expert witness.

DECISION
The decision by the bureau of mediation services determining that nonlicensed community experts should be excluded from the teacher bargaining unit is affirmed.
Affirmed.
ROBERT H. SCHUMACHER, Judge, (dissenting).
I respectfully dissent. A teacher for purposes of the Public Employee Labor Relations Act (PELRA) is defined as a public employee who is employed by a school district "in a position for which the person must be licensed." Minn.Stat. § 179A.03, subd. 18(1) (2002); Hibbing Educ. Ass'n v. Pub. Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985). Here, the nonlicensed community experts are employed for the full school year under Minn.Stat. § 122A.25, subd. 1 (2002) in positions requiring licensure. They have the same duties, responsibilities, and salaries as licensed teachers. I would reverse the decision by the Bureau of Mediation Services and hold that as a matter of law teaching positions filled by nonlicensed community experts are for all intents and purposes teaching positions as defined by PELRA and are properly included in the teacher bargaining unit.
NOTES
[1] Education Minnesota cites a unit clarification order in which the parties apparently reached an agreement that a particular community expert was appropriately included in the teacher bargaining unit. We do not find this agreement controlling here.