Thomas K. DAVIDSON, petitioner,
Respondent,

v.

David P. WEBB, Appellant.

No. C7–95–517.

Court of Appeals of Minnesota.

Aug. 15, 1995.

John R. Gaertner, Jr., McDonald & Gudmestad, Windom, for Thomas K. Davidson, petitioner, respondent.

Joseph W. Dicker, Keenan & Katkov, Minneapolis, for David P. Webb, appellant.

Considered and decided by AMUNDSON, P.J., and SHORT and DAVIES, JJ.

## OPINION

AMUNDSON, Judge.

David Webb challenges the district court's issuance of a restraining order pursuant to Minn.Stat. § 609.748, arguing that (1) the evidence does not support the district court's findings of fact, and (2) under the statute, more than one incident is required for a finding of harassment. We affirm.

## FACTS

Respondent Thomas Davidson is the property manager of the Golden Hills Shopping Center on Wayzata Boulevard in Golden Valley, Minnesota. One of the tenants was Coco Lezzone (the restaurant). The lease for the restaurant is held by Webb Golden Valley, Incorporated. The restaurant's operations are conducted by employees of Time Management, Incorporated, which employs appellant David Webb. Webb is charged with the administrative and management responsibility for the restaurant.

Over a period of approximately five years, Davidson and Webb occasionally came into contact with each other. Although Davidson could not remember specific dates and conversations, he testified that Webb was always nasty. Webb would sometimes "bawl him out" or criticize him, often raising his voice and using profanity. These contacts caused Davidson to be fearful because he was not used to people hollering at him.

On October 19, 1994, Davidson spoke with Webb about the payment of taxes for the restaurant. Webb stated that the taxes would be paid when they were due according to the terms of the lease. He repeatedly told Davidson to read the lease. Davidson believed that, according to the terms of the lease, the taxes were already due.

Later that afternoon, Davidson was behind the shopping center with a prospective tenant when Webb came speeding at them in his car. He stopped, got out, and proceeded to yell profanities at Davidson. Webb approached Davidson, still shouting profanity, and poked at Davidson with his hand, hitting him in the lip. Afterward, Webb got into his car, shouted that he would "get" Davidson, and sped off.

Davidson, after realizing that his lip was cut, reported the incident to the police. He subsequently filed a petition and affidavit for a restraining order. The district court found that Webb had engaged in harassment and granted Davidson's petition. This appeal followed.

## ISSUES

1. Are the findings of fact of the district court clearly erroneous?

2. Did the district court err in finding that Webb had engaged in conduct constituting "harassment" under Minn.Stat. § 609.748?

## ANALYSIS

### I. *Findings of Fact*

■ Webb contends that the findings of the district court are not supported by the evidence. Webb claims that the evidence does not indicate that Webb had, on two previous occasions, "raised his voice, yelled and swore at petitioner." We disagree.

■ A reviewing court will not set aside findings of fact unless clearly erroneous, and this court gives due regard to the opportunity of the trial court to judge the credibility of witnesses. *See* Minn.R.Civ.P. 52.01.

The testimony regarding previous contacts between Davidson and Webb was in conflict. Davidson testified that the two had occasionally come into contact and that Webb had always been nasty. He also testified that Webb would sometimes raise his voice and criticize him. Webb, on the other hand, testified that he had not had any contact with Davidson in over a year. We conclude the evidence presented is sufficient to support the district court's finding that there had been previous contacts between the two parties.

■ Webb further argues that the evidence does not support the district court's finding that he had no legitimate business purpose for being on the shopping center premises because he was not an agent for the restaurant. Webb testified that he had administrative and managerial responsibilities at the restaurant. He also stated that he was one of the persons Davidson had been told to contact regarding the restaurant's lease. However, Webb testified that he did the majority of his work at an office away from the restaurant, and that he was at the restaurant only three to five times a week, often to eat. Further, there are other employees of Time Management, Incorporated that can, and typically do, handle the lease issues. Thus, Webb can conduct his business

for the restaurant from his office and allow other employees to handle business on the premises. We conclude the district court did not err in finding Webb had no legitimate business purpose for being on the premises.

### II. *Restraining Order*

■ Webb contends the district court erroneously concluded that a single incident constituted harassment. He contends that there must be an ongoing pattern of conduct that is likely to reoccur before a court can issue a restraining order. We disagree.

■ The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

A court may grant a restraining order ordering a person to cease or avoid the "harassment" of another person or to have no contact with another person if the court finds that "there are reasonable grounds to believe that the respondent has engaged in harassment." Minn.Stat. § 609.748, subd. 5 (1994).

> Harassment includes:
>
> repeated, intrusive, *or* unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another, *regardless of the relationship* between the actor and the intended target.

*Id.*, subd. 1(a)(1) (emphasis added).

Webb concedes that the language of the statute is disjunctive, but he argues that the use of the plural "acts", "words", or "gestures" indicates that more than one incident is required to constitute harassment. We disagree. The language indicates only that more than a single word, act, or gesture is required.

Webb engaged in conduct that consisted of more than one act, word or gesture. In the one incident that precipitated Davidson's seeking a restraining order, Webb repeatedly used profanity, shook his finger in Davidson's face, and poked him in the lip. Thus, the district court correctly found that the conduct in the single incident that precipitated

the petition for a restraining order constituted harassment.

■ Webb further contends that the purpose behind a restraining order is to prevent future conduct, and thus there must be a reasonable basis for believing that the conduct will reoccur. Webb argues that the incident at issue was a single incident and does not indicate that the behavior would be repeated.

The district court found that, as Webb was driving away, he shouted profanity and told Davidson that he would "get him". This finding is supported by the testimony given by Davidson, as well as by the testimony of a witness who was standing next to Davidson during the incident. This behavior constitutes reasonable grounds for the district court to find the harassing conduct was likely to reoccur in the future. Thus, we do not decide whether a restraining order may properly be issued absent evidence that would indicate that the conduct is likely to reoccur.

■ Finally, Webb contends the statute requires a finding of intent to adversely affect Davidson's rights. The district court, he argues, failed to make such a finding. We disagree. The district court found that Webb sped up to where Davidson was standing and got out of his car to approach him. Webb then approached Davidson while shouting profanity at him. These actions constitute reasonable grounds for the district court to believe that Webb intended to adversely affect Davidson's safety, security, or privacy.

## DECISION

The findings of fact of the district court are not clearly erroneous. The district court did not err in finding that Webb's conduct constituted harassment under Minn.Stat. § 609.748.

**Affirmed.**